Deborah May TAYLOR, Movant,

v.

Dwight Chick TAYLOR, Respondent.

Supreme Court of Kentucky.

Dec. 18, 1979.

**370**

Neil A. Banks, Louisville, for movant.

Joseph V. Mobley, Louisville, for respondent.

CLAYTON, Justice.

The movant, Deborah Taylor, received custody of her son John when she was divorced from respondent, Dwight Taylor. Shortly thereafter, Deborah suffered a severe financial setback when her personal belongings were destroyed in a tornado. Because of her dire predicament, Deborah initiated negotiations with her ex-husband in order to change the custody arrangement. An "Agreed Order of Custody" transferring custody of John from Deborah to Dwight was entered by the Jefferson Circuit Court. Although the amended order did not state that the arrangement was to be temporary, the movant testified at trial that she relied on respondent's verbal representations.

Once Deborah's domestic situation was stable she requested that Dwight, who had by then remarried, return John to her custody as they had agreed. Dwight refused and Deborah instituted legal proceedings to regain custody of her son.

After a trial, an order was entered by the circuit court transferring custody of the child back to Deborah. Dwight appealed to the Court of Appeals who reversed in his favor. Deborah appealed to this court and we now reverse the Court of Appeals.

Rule 52.01 of the Kentucky Rules of Civil Procedure states, in part, that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." This rule is designed to prohibit an appellate or reviewing court from substituting its opinion for that of the trial court—and thus becoming a trier of fact—unless the findings of the trial court are clearly erroneous. While there may be inconsistent and conflicting testimony given at a trial, the judge or jury, as the case may be, has the obvious advantage of observing the physical and emotional demeanor of those testifying, thus allowing them to better evaluate the credibility to be afforded each witness.

The reviewing court's basic concern is whether there is sufficient evidence, as detailed by the record, to support the decision of the trial court. If so, then the trial court's decision is not clearly erroneous.

We find that the record does support the decision of the trial judge to transfer custody of John Taylor to Deborah Taylor and that the judge did not abuse his discretion in determining that it was in the best interest of the child to live with his mother.

The decision of the Court of Appeals is reversed and the judgment of the Jefferson Circuit Court is affirmed.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON and STERNBERG, JJ., sitting.

All concur.