COMMONWEALTH of
Kentucky, Appellant,

v.

Brian BATCHELOR, A/K/A Gerald
Joseph Savail, Appellee.

Court of Appeals of Kentucky.

July 11, 1986.

Case Ordered Published by Court of
Appeals Aug. 15, 1986.

[redacted]

[redacted]

[redacted]

[redacted]

David L. Armstrong, Atty. Gen., John S. Gillig, Asst. Atty. Gen., Frankfort, for appellant.

Richard Gangwish II, Fort Mitchell, for appellee.

Before HAYES, C.J. and CLAYTON and WILHOIT, JJ.

HAYES, Chief Judge:

The sole issue to be resolved in this appeal is whether the Commonwealth is entitled to retain control over property which may be subject to forfeiture under the penal code until proceedings against the individual charged have been completed. We are convinced that the Commonwealth may hold such property pending resolution of the underlying criminal charges and upon conviction subject the property to forfeiture.

The circuit judge in this case ordered the return of a 1977 Ford van and $4,100 in cash to an individual awaiting trial on a

[redacted]

charge of receiving stolen property over $100. Stolen property and the large amount of cash were being transported in the van when its driver was stopped and arrested for driving under the influence. He was later charged with knowingly receiving stolen property. After a brief hearing on defendant's motion, the trial judge ordered the return of the van and the cash.

The Commonwealth argues, and we agree, that the intent of the legislature in enacting the forfeiture statutes could be easily thwarted if one accused of a crime is allowed to regain control over property subject to forfeiture pending the outcome of proceedings against him.

Here, we believe the Commonwealth established a sufficient nexus between the property seized and the criminal activity charged to retain the property until final disposition. Any hardship suffered by the defendant is balanced by the clear legislative mandate requiring forfeiture of property used in furtherance of an offense (KRS 514.130) or proceeds gained by virtue of a violation of the penal code (KRS 500.090). The hardship is no greater than if the property were seized as evidence.

The judgment of the Kenton Circuit Court is reversed.

All concur.