COMMONWEALTH of Kentucky,
Appellant,

v.

Kenneth Allen FINT, Appellee.

No. 95–SC–357–DG.

Supreme Court of Kentucky.

Feb. 27, 1997.

A.B. Chandler, III, Attorney General, Frankfort, Greg A. Jennings, Assistant Commonwealth Attorney, Louisville, for appellant.

Daniel T. Goyette, J. David Niehaus, Jefferson Dist. Public Defender, Louisville, for appellee.

COOPER, Justice.

On June 11, 1993, Appellee Fint entered a plea of guilty to four counts of felony theft. KRS 514.030(1)(a) and (2). The charges were premised upon the confessions of Fint and his accomplice that they had stolen meat from Fint's employer, The Kroger Company, on four different occasions. The total value of the stolen meat was approximately $18,000.00.

Fint's accomplice, Kingsbury, was a contract truck driver for Gettlefinger Farms, one of Kroger's wholesale meat suppliers. The modus operandi was to unload most, but not all, of a meat delivery at Kroger's warehouse and conceal the remainder behind pallets in the Gettlefinger truck. Later, Fint and Kingsbury would meet at a parking lot and unload the stolen meat from the Gettlefinger truck into Fint's 1979 Ford F–100 pickup truck. Fint would then transport the stolen meat in his truck to another location, where he would sell it. Based on a tip from a confidential informant, the police videotaped the entire transaction from start to

finish and arrested Fint while he was driving his pickup truck containing the stolen meat. When Fint was arrested, the 1979 Ford F–100 was confiscated and held by the police pending final disposition of the charges. KRS 514.130(4).

After entering his guilty pleas, Fint requested the return of his pickup truck. The Commonwealth advised the trial judge that it probably would request a forfeiture of the vehicle pursuant to KRS 514.130(1). That statute provides in pertinent part as follows:

Upon the conviction of any person for the violation of any offense in this chapter ... any personal property, including but not limited to vehicles or aircraft, used in the commission or furtherance of an offense under this chapter or in the transportation of stolen property shall be forfeited as provided in KRS 500.090 by court order and sold, destroyed or otherwise disposed of in accordance with KRS 500.090.

■ Significantly, Appellee did not claim then as he does now that the forfeiture of his vehicle would violate the plea agreement. The plea agreement is silent on the issue of forfeiture and, at the sentencing hearing, defense counsel admitted that forfeiture was not discussed in the plea agreement. Thus, the Commonwealth was not precluded by *Workman v. Commonwealth*, Ky., 580 S.W.2d 206 (1979), *overruled on other grounds, Morton v. Commonwealth*, Ky., 817 S.W.2d 218 (1991), from pursuing forfeiture. *Cf. United States v. Phibbs*, 999 F.2d 1053 (6th Cir.1993), *cert. denied*, 510 U.S. 1119, 114 S.Ct. 1071, 127 L.Ed.2d 389 (1994); *Baker v. United States*, 781 F.2d 85 (6th Cir. 1986), *cert. denied*, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). The trial judge passed the forfeiture issue to final sentencing.

On July 16, 1993, Fint was formally sentenced to three years on each felony count, to run concurrently, probated for a period of five years, subject to the usual conditions, including payment of court costs, a $500.00 supervision fee, a $500.00 public defender fee, and 100 hours of community service. The trial judge then overruled the Commonwealth's motion to forfeit the pickup truck by writing "Considered and Denied" on the face

of the motion. He explained his ruling as follows:

Alright. The court's considered the motion for forfeiture. The court sentenced the defendant to what I believe is sufficient penalty, specifically he's doing a hundred hours of community service, he's paying a $500.00 supervision fee, he's paying $500.00 public defender fee. This is a (sic) early model vehicle which the court believes that he needs for transportation purposes to make sure he's complying with the conditions of probation that I set forth and I believe that to allow forfeiture of the vehicle would be unnecessarily punitive in this particular case. Therefore the motion has been considered and denied.

The Commonwealth appealed. The Court of Appeals affirmed, reasoning that the trial judge's refusal to order the forfeiture of the pickup truck was not an abuse of discretion. We granted discretionary review and now reverse.

■ As used in the statutory laws of this state, unless the context otherwise requires, the word "shall" is mandatory. KRS 446.010(29); *Brewer v. Commonwealth*, Ky., 550 S.W.2d 474, 477 (1977); *Woods v. Commonwealth*, Ky., 305 S.W.2d 935, 937 (1957). When a statute mandates forfeiture of property used in a criminal offense, the forfeiture amounts to an additional penalty for the offense. *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). A trial court has no authority to impose a criminal penalty against a convicted defendant which is less than the minimum prescribed by statute. *Bentley v. Commonwealth*, Ky., 269 S.W.2d 253, 255 (1954). Upon finding that Fint's vehicle was used in the commission or furtherance of the offense of which he was convicted or in the transportation of stolen property, the trial judge had no discretion whether to order forfeiture of that vehicle. Thus, the standard for review of his refusal to do so is not whether he abused his discretion.

However, a punitive forfeiture is subject to scrutiny to determine if it violates the "excessive fines" clauses of the Eighth Amendment to the United States Constitution, *Austin v.*

*United States, supra,* and section 17 of our Constitution, which contain identical language.

■ Although the United States Supreme Court declined in *Austin* to formulate a test to determine whether a particular forfeiture is constitutionally excessive, it previously established factors to be considered in determining whether a particular penalty violates the "cruel and unusual punishment" clause of the Eighth Amendment, *viz* :

(1) The gravity of the offense and harshness of the penalty;

(2) The sentences imposed upon other criminals in the same jurisdiction;

(3) The sentences imposed for commission of the same crime in other jurisdictions.

*Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). We have adopted these guidelines in our analyses of whether particular penalties violate the "cruel punishment" clause of section 17 of our Constitution. *Brown v. Commonwealth,* Ky., 818 S.W.2d 600 (1991); *see also Covington v. Commonwealth,* Ky.App., 849 S.W.2d 560 (1992); *Collett v. Commonwealth,* Ky.App., 686 S.W.2d 822 (1984). We perceive no significant conceptual distinction between analyzing a penalty statute for a "cruel punishment" violation and analyzing one for an "excessive fines" violation. The *Solem* analysis provides an appropriate vehicle for determining whether a constitutional violation has occurred in either case. The analysis essentially is a fact-finding exercise.

When a trial judge is faced with a KRS 514.130(1) issue, a finding of fact must first be made as to whether the property in question was used in the commission of the offense or in the transportation of stolen goods. (The "instrumentality" test.) If so, and if the owner raises a constitutional defense to the forfeiture, then additional findings must be made using the *Solem* guidelines in order to conclude whether application of the forfeiture statute to that case would violate the "excessive fines" clauses of section 17 of our Constitution and the Eighth Amendment of the Constitution of the United States. (The "proportionality" test.) On appeal, the trial

judge's findings and conclusions will be upheld unless "clearly erroneous." CR 52.01.

■ But we need not remand this case to the trial court for findings and conclusions on this issue. It is undisputed that Fint's 1979 Ford F-100 pickup truck was used in the commission or furtherance of Fint's offense and in the transportation of stolen property. *Commonwealth v. Batchelor,* Ky.App., 714 S.W.2d 158 (1986). The value of the pickup truck at the time of Fint's sentencing was $1,875.00. Thus, its forfeiture would not be greatly disproportionate to the offense of theft of property valued at $18,000.00. *Compare In Re One 1993 Dodge Intrepid,* 645 So.2d 551 (Fla.Ct.App.1994) in which the defendant had used a vehicle valued at $21,339.00 to drive to a location to purchase $20.00 worth of cocaine. Forfeiture in that case was held to be disproportionate to the offense.

The forfeiture of Fint's 1979 Ford F-100 pickup truck is comparable to the detention of the 1977 Ford van in *Commonwealth v. Batchelor, supra.* Also compare this case with *Osborne v. Commonwealth,* Ky., 839 S.W.2d 281 (1992), where a 1978 Chevrolet Blazer motor vehicle was ordered forfeited under KRS 218A.410(1)(h) because it was found to contain one marijuana plant and a set of sophisticated scales of the type often used to weigh drugs. Thus, the forfeiture imposed in this case is not disproportionately more punitive than penalties imposed upon other convicted criminals in Kentucky. Nor is it disproportionately more punitive than penalties imposed for the commission of similar offenses in other jurisdictions. *E.g., United States v. One 1990 Ford Ranger Truck,* 876 F.Supp. 1283 (N.D.Ga.1995) (forfeiture of truck for transporting a small amount of psilocybin mushrooms); *Worthington Police v. 1988 Chevrolet Berreta,* 516 N.W.2d 581 (Minn.Ct.App.1994) (forfeiture of vehicle valued between $2,500.00 and $4,500.00 which was used to transport a stolen color TV worth $300.00 from the scene of the crime to another person); *State ex rel. McGehee v. 1989 Ford F-150,* 888 P.2d 1036 (Okla.Ct.App.1994) (forfeiture of truck used to transport fifteen grams of marijuana).

Thus, any finding that Fint's 1979 Ford F–100 pickup truck was not used in the commission of the offense or was not used to transport stolen property, or that imposition of forfeiture in this case would constitute an "excessive fine," would be clearly erroneous. Therefore, we simply reverse this case and remand it to the Jefferson Circuit Court with directions to enter an order forfeiting the vehicle in question and ordering it sold or otherwise disposed of in accordance with KRS 500.090.

GRAVES, LAMBERT, WINTERSHEIMER, JJ., and Special Justice JAMES LEVIN, concur.

STEPHENS, C.J., dissents by separate opinion, with STUMBO, J., joining that dissent.

JOHNSTONE, J., not sitting.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent. I would agree with the Court of Appeals that the trial judge did not abuse his discretion in determining that the forfeiture of appellee's truck was constitutionally excessive in light of the Eighth Amendment's prohibition against "cruel and unusual punishment."

The majority determines that the trial judge's findings and conclusions are "clearly erroneous" because he determined that the forfeiture of appellees truck was "unnecessarily punitive." As the basis for its conclusion, the majority asserts that because the value of the truck at the time of forfeiture was $1,875.00, the forfeiture was not greatly disproportionate to the defense of the theft of the property valued at $18,000, and thus, not excessive. I disagree.

CR 52.01 specifically states:

Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

As mandated in CR 52.01 and many of our previous opinions, this Court should not substitute its own judgment for that of the trial court's judgment, unless the latter's judgment was clearly erroneous. *Taylor v. Tay-*

*lor*, Ky., 591 S.W.2d 369, 370 (1979). *See also Stafford v. Stafford*, Ky., 618 S.W.2d 578, 579 (1981). Ultimately, in *Taylor* we maintained that "[t]he reviewing court's basic concern is whether there is sufficient evidence, as detailed by the record, to support the decision of the trial court. If so, then the trial court's decision is not clearly erroneous." 591 S.W.2d at 370.

Likewise, in *Cherry v. Cherry*, Ky., 634 S.W.2d 423, 425 (1982), we held that "in reviewing a trial court's decision the test is not whether the appellate court would have decided it differently, but whether the findings of the trial judge were clearly erroneous or that he abused his discretion." We have further determined that a trial judge's determination should not be overturned as clearly erroneous, even where the evidence in support of a judge's findings is weak. *Sharp v. Sharp*, Ky., 491 S.W.2d 639, 643 (1973).

Furthermore, as the majority recognizes, in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the United States Supreme Court enumerated several factors to use in determining whether a particular penalty violates the Eighth Amendment. In my view, the value of the appellee's truck, like the value of the stolen meat, is not one of those factors. Consequently, it is erroneous for this Court to use such a rationale to overturn the trial judge's decision.

In the present case, because the trial judge's determination that it was "unnecessarily punitive" for appellee to forfeit his truck on top of being required to do 100 hours of community service, pay a $500.00 supervision fee, and pay a $500.00 public defender fee, was clearly couched in terms of the Eighth Amendment and *Solem, supra,* his decision was not clearly erroneous and should not be disturbed.

STUMBO, J., joins this dissenting opinion.