Scott A. SMITH, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2004–CA–001757–MR.

Court of Appeals of Kentucky.

Feb. 10, 2006.

Discretionary Review Denied by
Supreme Court Nov. 15, 2006.

Timothy G. Arnold, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, George G. Seelig, Assistant Attorney General, Frankfort, KY, for appellee.

Before BUCKINGHAM and McANULTY, Judges; PAISLEY, Senior Judge.[1]

*OPINION*

PAISLEY, Senior Judge.

Scott A. Smith appeals from an order of the Boone Circuit Court granting a motion

---

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

by the Commonwealth to forfeit Smith's Ford Explorer. The vehicle was seized by police after it was found to contain drugs. Smith argues that the forfeiture of his vehicle violates the principle of double jeopardy and is unconstitutionally excessive.

On June 18, 2002, Smith was pulled over for speeding in his Ford Explorer. A search of the vehicle revealed cocaine hidden in the console between the front seats. He was arrested and charged with trafficking in cocaine, and the vehicle and its contents were seized. Smith was indicted on the trafficking charge, and for being a persistent felony offender (PFO) in the first degree. He made an unsuccessful motion to suppress the evidence obtained as a result of the traffic stop. On June 4, 2003, he entered into a conditional guilty plea agreement, reserving his right to appeal the denial of his motion to suppress. The trial court accepted the plea agreement, which included dismissal of the PFO charge, and sentenced him to twelve years' imprisonment. No mention of the seized Explorer was made during the negotiation of the plea agreement or in the final judgment.

While his direct appeal was pending,[2] Smith tried to get the Explorer back, ostensibly to allow his fiancée to use it. He filed a motion on June 16, 2004, requesting the return of the vehicle on the basis that "said property was legally obtained by the Defendant." On appeal, he has explained that this motion was based on his mistaken belief that the reason his vehicle had not been released was that it allegedly had been purchased with the proceeds of a drug transaction.

The Commonwealth responded by filing a motion to forfeit the vehicle on the ground that the Explorer had been used by Smith to commit the trafficking offense. Under Kentucky Revised Statutes (KRS) 218A.410, the Commonwealth maintained, the vehicle was properly subject to forfeiture because it had been used to transport cocaine.

KRS 218A.410(1)(h) provides in relevant part that the following property is subject to forfeiture:

All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in paragraph (e) or (f) of this subsection[.]

Paragraphs (e) and (f) refer to the following:

(e) All controlled substances which have been manufactured, distributed, dispensed, possessed, being held, or acquired in violation of this chapter.

(f) All raw materials, products and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of this chapter.

A hearing on the motion was held at which Smith testified that he had bought the Explorer with proceeds from a personal injury settlement.

The trial court granted the Commonwealth's motion to forfeit, stating that

[t]he vehicle was owned by the Defendant, purchased by the Defendant, and used in the commission of a crime by the Defendant. No one else contributed toward the purchase price of the vehicle. No one else claims ownership. There is

---

2. This Court affirmed Smith's conviction in an unpublished opinion rendered on Feb. 11, 2005. See 2003–CA–001775–MR. Discretionary review was denied by the Kentucky Supreme Court on May 11, 2005.

no compelling cry of any innocent third parties who will be harmed if KRS 218A.410 is not followed.

██ Smith's first argument on appeal is that the forfeiture of his vehicle was a criminal penalty, and that the imposition of this penalty long after the judgment of conviction for trafficking was entered violated the constitutional stricture against double jeopardy. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." *See also* KY. CONST., § 13. The principle of double jeopardy protects a criminal defendant from multiple punishments for the same offense. *See Hourigan v. Commonwealth*, 962 S.W.2d 860, 862 (Ky.1998) *citing United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). Smith contends that the Commonwealth is prohibited from punishing him for the criminal trafficking offense and then seeking the forfeiture of his vehicle in a separate proceeding.

██ Smith has raised the double jeopardy issue for the first time on appeal, and requests that we review the argument under the substantial error provision of Kentucky Rules of Criminal Procedure (RCr) 10.26. The Commonwealth contends that the alleged error does not rise to the level of "manifest injustice" as required under RCr 10.26. "However, double jeopardy questions may be reviewed on appeal de-

spite failure to preserve the issue at trial." *Martin v. Commonwealth*, 170 S.W.3d 374, 377 (Ky.2005) (citations omitted).

Smith argues that under the holding in *United States v. Bajakajian*, 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), Kentucky's forfeiture statute, KRS 218A.405 *et seq.*, is a "criminal forfeiture" statute and its imposition therefore implicates double jeopardy.

██ In *Bajakajian*, the United States Supreme Court drew a distinction between *in rem* civil forfeitures and *in personam* criminal forfeitures for purposes of determining whether a forfeiture of currency made pursuant to 18 U.S.C. § 982(a)(1) [3] violated the Excessive Fines Clause. *See* U.S. CONST., amend. VIII, KY. CONST. § 17. The analysis of a forfeiture statute for purposes of the Excessive Fines Clause is not identical, however, to an analysis for purposes of determining whether it violates the Double Jeopardy Clause. "Forfeitures ... are subject to review for excessiveness under the Eighth Amendment ... this does not mean, however, that those forfeitures are so punitive as to constitute punishment for the purposes of double jeopardy." *United States v. Ursery*, 518 U.S. 267, 287, 116 S.Ct. 2135, 2147, 135 L.Ed.2d 549 (1996).

██ In order to determine whether the forfeiture of Smith's vehicle under the provisions of KRS 218A.405 et seq. placed him in double jeopardy, we turn instead to *United States v. Ursery*. *Id.*[4] In *Ursery*,

---

**3.** 18 U.S.C. § 982(a)(1) provides that a person convicted of willfully violating 31 U.S.C. § 5316 by attempting to leave the United States without reporting that he or she is transporting more than $10,000 in currency shall forfeit "any property ... involved in such an offense." *See Bajakajian*, 524 U.S. at 324, 118 S.Ct. at 2031.

**4.** In addition to *Bajakajian*, Smith has relied on *State v. Casalicchio*, 58 Ohio St.3d 178,

569 N.E.2d 916 (1991), in which the Ohio Supreme Court found that the forfeiture of an automobile used to transport cocaine violated the principle of double jeopardy because it constituted an additional criminal penalty that the State failed to seek prior to sentencing. We decline to adopt the reasoning in *Casalicchio* because the holding in the case is not binding on the courts of Kentucky and, significantly, the case predates the *Ursery* opinion.

the United States Supreme Court performed an extensive analysis of its prior case law to hold that *in rem* civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause. The Court explained that "[u]nless the forfeiture sanction was intended as punishment, so that the proceeding is essentially criminal in character, the Double Jeopardy Clause is not applicable. The question, then, is whether a ... forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive, or civil and remedial." *Ursery,* 518 U.S. at 277, 116 S.Ct. at 2141–42, *quoting United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 362, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984). In other words, *in rem* civil forfeiture is presumptively, but not per se, exempt from the scope of the double jeopardy clause.

■■■ "Resolution of this question begins as a matter of statutory interpretation." *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 362, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984), *citing Helvering v. Mitchell,* 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938). The first stage of the analysis requires a determination as to whether the legislature intended the forfeiture to be primarily a civil, *in rem* proceeding. "That a forfeiture is designated as civil by [the legislature] and proceeds *in rem* establishes a presumption that it is not subject to double jeopardy." *Ursery,* 518 U.S. at 289, 116 S.Ct. at 2148, n. 3. The second stage consists of assessing whether "the proceedings are so punitive in fact as to 'persuade us that the forfeiture proceeding[s] may not legitimately be viewed as civil in nature,' despite [the legislature's] intent." *Id.,* 518 U.S. at 288, 116 S.Ct. at 2147. "[W]here the 'clearest proof' indicates that an *in rem* civil forfeiture is 'so punitive either in purpose or effect' as to be equiva-

lent to a criminal proceeding, that forfeiture may be subject to the Double Jeopardy Clause." *Id.,* 518 U.S. at 289, 116 S.Ct. at 2148, n. 3.

There is little doubt that Kentucky's forfeiture statute was intended by the legislature to be a civil, *in rem* proceeding. Forfeitures pursuant to the statute are specifically structured to be impersonal by targeting the property itself. *See id.,* 518 U.S. at 289, 116 S.Ct. at 2147. Personal property may be seized without process preparatory to forfeiture under KRS 218A.415(1). Nor does the Fourth Amendment apply to suppress evidence at a seizure hearing. KRS 218A.415(3)(a)(3.) states that

> [e]vidence at the seizure hearing may not be suppressed on the ground that its acquisition by search or seizure violated constitutional protections applicable in criminal cases relating to unreasonable searches or seizures.

Furthermore, the burden of proof in forfeiture proceedings is in some instances placed upon the claimant. KRS 218A.410(1)(j), which describes the types of property which may be seized for forfeiture, places the burden on the claimant to rebut by clear and convincing evidence the presumption that "all moneys, coin, and currency found in close proximity to controlled substances, to drug manufacturing or distributing paraphernalia, or to records of the importation, manufacture, or distribution of controlled substances, are ... forfeitable[.]" The Commonwealth need only produce "slight evidence of traceability" plus "proof of close proximity" in order "to sustain the forfeiture in the absence of clear and convincing evidence to the contrary." *Osborne v. Commonwealth,* 839 S.W.2d 281, 284 (Ky.1992). In the case of real property, the law enforcement agency needs to prove that it is subject to forfeiture only "by clear and convincing evi-

dence." KRS 218A.410(1)(j). Under KRS 218A.415, which governs the procedure for seizure of property, the Commonwealth has the initial burden of showing the existence of probable cause for the forfeiture of real property and the necessity of seizure; the burden then shifts to the respondent to show by a preponderance of the evidence that the property is not subject to forfeiture. *See* KRS 218.415(3)(a)(2.). These statutorily-mandated burdens of proof, and presumptions favoring the Commonwealth, render these forfeiture actions more akin to a civil proceeding than to a criminal trial, where the burden of proof is generally upon the Commonwealth to prove guilt beyond a reasonable doubt.

Smith has pointed to KRS 218A.410(3) ("where the property has been lost, diminished or otherwise placed out of the reach of the government, the court may order forfeiture of other property needed to make up the lost value") as supporting his view that the forfeiture proceeding is effectively an action against the individual, rather than the property. Clearly, however, this provision is intended to prevent individuals from evading forfeiture by selling the subject property to an unknowing third party, or by spending any proceeds. We are not convinced that this provision undermines the essentially civil, *in rem* character of the statute.

Moving to the next stage of our analysis, we look for evidence that forfeiture proceedings under Kentucky's statute are so punitive in form and effect as to render them criminal despite the legislature's intent to the contrary.

Again, closely following the analysis in *Ursery,* we see that KRS 218A.405 *et seq.* "while perhaps having certain punitive aspects, serve[s] important nonpunitive goals." *Id.,* 518 U.S. at 290, 116 S.Ct. at 2148. At its most basic level, the statute ensures that the forfeited property may no

longer be used for illegal purposes. "Forfeiture of property prevents illegal uses ... by imposing an economic penalty, thereby rendering illegal behavior unprofitable." *Id.,* (citations omitted). "To the extent that [the statute] applies to 'proceeds' of illegal drug activity, it serves the additional nonpunitive goal of ensuring that persons do not profit from their illegal acts." *Id.,* 518 U.S. at 291, 116 S.Ct. at 2148–49.

As further evidence of the statute's remedial effects, we note that thirty-six percent of the funds received from forfeitures in any fiscal year are directed to the Cabinet for Health Services for the purpose of "drug and alcohol abuse education, prevention and treatment[.]" *See* KRS 218A.435(7)(b).

Smith has argued that the "innocent owners" exemption supports his contention that KRS 218A.405 *et seq.* is an *in personam* criminal forfeiture statute. The relevant provision, KRS 218A.410(2), states as follows:

> Title to all property, including all interests in the property, forfeit under this section vests in the Commonwealth on the commission of the act or omission giving rise to forfeiture under this section together with the proceeds of the property after the time. Any property or proceeds subsequently transferred to any person shall be subject to forfeiture and thereafter shall be ordered forfeited, unless the transferee establishes in the forfeiture proceeding that he is a subsequent bona fide purchaser for value without actual or constructive notice of the act or omission giving rise to the forfeiture.

Smith contends that this exemption means that the forfeiture of property is an additional consequence of a criminal conviction and may not be imposed upon innocent owners. Significantly, however, a

criminal conviction is not necessary to sustain a forfeiture action against an individual.

At the outset, it should be observed that nothing in the forfeiture statute requires criminal conviction of the person whose property is sought to be forfeited. It is sufficient under KRS 218A.410(h) and (j) to show a nexus between the property sought to be forfeited and its use to facilitate violation of the Controlled Substances Act, KRS 218A.... The inquiry is whether the evidence and law, including statutory presumptions, permit a finding that the subject property was used to facilitate violation of the Act.

*Osborne,* 839 S.W.2d at 283 (citations omitted).

In commenting on a similar "innocent owner" exemption, the *Ursery* court concluded that "we do not think that such a provision, without more indication of an intent to punish, is relevant to the question whether a statute is punitive under the Double Jeopardy Clause." *Ursery,* 518 U.S. at 292, 116 S.Ct. at 2149.

Smith nonetheless insists that a forfeiture can occur only upon conviction of an offense, citing KRS 218A.460(1) which provides that "[j]urisdiction in all forfeiture proceedings shall vest in the court **where the conviction occurred** regardless of the value of property subject to forfeiture." (Emphasis supplied). However, the forfeiture need not be directed at the property of the convicted individual; it is the guilty property that is forfeited unless its owner (who need not be the convicted individual) can show that the property was used without his or her knowledge or consent.

Smith has also cited to *Smith v. Commonwealth,* 707 S.W.2d 342 (Ky.1986) and to *Commonwealth v. Shirley,* 140 S.W.3d 593 (Ky.App.2004) to support his argument that the forfeiture of property is an additional consequence to a criminal conviction and therefore implicates double jeopardy. Obviously, in most cases, there will be a close association between a criminal conviction and a forfeiture pursuant to KRS 218A.405 et seq. This does not mean that the forfeiture constitutes an additional criminal punishment. "It is well settled that '[the legislature] may impose both a criminal and a civil sanction in respect to the same act or omission[.]' By itself, the fact that a forfeiture statute has some connection to a criminal violation is far from the 'clearest proof' necessary to show that a proceeding is criminal." *Ursery,* 518 U.S. at 292, 116 S.Ct at 2149 (internal citation omitted).

■ Smith's second argument is that the forfeiture of his Explorer, for which he paid $6,200.00 in March 2001, was an unconstitutionally excessive fine.

■ In determining whether a fine is unconstitutionally excessive, the trial court must determine that "the property is sufficiently tainted by the criminal act to be subject to forfeiture." *Hinkle v. Commonwealth,* 104 S.W.3d 778, 782 (Ky.App. 2003). It must also "determine that the particular forfeiture is not grossly disproportionate to the particular offense." *Id.* "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality." *Bajakajian,* 524 U.S. at 334, 118 S.Ct. 2028. "Among the factors relevant to this determination [of proportionality] are the gravity of the offense, the potential penalties, the actual sentence, sentences imposed for similar crimes in this and other jurisdictions, and the effect of the forfeiture on innocent third parties." *Hinkle,* 104 S.W.3d at 782 (citations omitted).

Although this specific argument was not presented for the trial court's review, Smith argues that his position was fairly presented at the hearing and should be

treated as preserved. Should we decide it was unpreserved, he urges us to review the issue as palpable error.

Our review of the record of the forfeiture hearing, and the language of the court's final order, indicate that the issue of proportionality for purposes of the excessive fines clause was never raised before, nor considered by, the trial court.

■ A palpable error is one that "affects the substantial rights of a party" and will result in "manifest injustice" if not considered by the court, and "[w]hat it really boils down to is that if upon a consideration of the whole case this court does not believe there is a substantial possibility that the result would have been any different, the irregularity will be held nonprejudicial." *Schoenbachler v. Commonwealth*, 95 S.W.3d 830, 836 (Ky.2003).

Smith's Explorer is worth approximately $6,500.00. Smith has argued that the sale of the cocaine found in the vehicle would not likely have yielded even half that amount. In *Osborne*, 839 S.W.2d at 282, however, a Chevrolet Blazer was ordered forfeited because it contained only one marijuana plant and a set of scales. In *Commonwealth v. Fint*, 940 S.W.2d 896 (Ky.1997), the Kentucky Supreme Court reviewed the forfeitures imposed in other jurisdictions for purposes of excessive fines analysis. These included the forfeiture of a truck for transporting a small amount of psilocybin mushrooms; forfeiture of a vehicle valued between $2,500.00 and $4,500.00 used to transport a stolen TV worth $300.00; and the forfeiture of a truck used to transport fifteen grams of marijuana. *See id.* at 898 (citations omitted). As an example of a forfeiture that was disproportionate to the offense, the Court cited a Florida case involving a vehicle valued at $21,339.00 that had been used to drive to a location to purchase $20.00 of cocaine. *Id.* By contrast, the drugs found

in Smith's Explorer were possibly worth close to half the value of the vehicle. The Commonwealth has also drawn our attention to KRS 534.030, which authorizes a fine in connection with felony offenses of up to $10,000. In light of the statutory and case law, we do not believe that there is a substantial possibility that the result in Smith's case would have been any different if the excessive fines question had been presented to the trial court.

For the foregoing reasons, the order of forfeiture entered by the Boone Circuit Court is affirmed.

ALL CONCUR.