**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0198n.06
Filed: March 12, 2009

No. 08-5862

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CARL JONES, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| WALLACE WHITTAKER, | ) | COURT FOR THE WESTERN |
| Individually and as Logan County | ) | DISTRICT OF KENTUCKY |
| Sheriff; KEVIN BIBB, TRACEY | ) | |
| WHITE and ANTHONY WILLIAMS, | ) | |
| Individually and as Logan County | ) | **O P I N I O N** |
| Deputy Sheriffs; LOGAN COUNTY, | ) | |
| KENTUCKY, | ) | |
| | ) | |
| **Defendants-Appellees.** | ) | |
| | ) | |

**Before: BATCHELDER, DAUGHTREY, and MOORE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Plaintiff-Appellant Carl Jones ("Jones") appeals from the district court's dismissal, on statute-of-limitations grounds, of his state-law claim for malicious prosecution. Jones filed this suit on March 4, 2008, against Defendants-Appellees, four police officers employed by the Logan County, Kentucky, Sheriff's Department, as well as Logan County (collectively, "the Officers"), asserting violations of his constitutional rights under 42 U.S.C. § 1983 and various state-law claims for false arrest, false imprisonment, malicious prosecution, defamation, and negligent failure to train. The district court dismissed each of Jones's claims pursuant to FED. R. CIV. P. 12(b)(6) as barred by the one-year statute of limitations of KY.

REV. STAT. ANN. § 413.140.  On appeal, Jones challenges only the dismissal of his malicious-prosecution claim, arguing that the district court erred in ruling that it accrued on June 30, 2006, when criminal proceedings against Jones were dismissed.[1]  Jones contends that this claim did not accrue until March 5, 2007, when an ancillary civil-forfeiture action brought by the state to forfeit Jones's property was dismissed.  Because, however, the subsequent civil-forfeiture action was not part of the criminal proceedings against Jones, Jones's malicious-prosecution claim accrued on June 30, 2006, and is therefore barred by the one-year statute of limitations.  Accordingly, we **AFFIRM** the district court's grant of the Officers' motion to dismiss.

## I. BACKGROUND

The district court's opinion granting the Officers' motion to dismiss provides the following summary of the factual background of this case, which is consistent with the parties' briefs on appeal:

> On February 12, 2004, Defendant Tracey White, a Logan County, Kentucky, sheriff's deputy, stopped the Plaintiff for "weaving" and having a non-illuminated license plate.  During the traffic stop, a quantity of marijuana was found in the Plaintiff's vehicle by Defendant Kevin Bibb, also a Logan County sheriff's deputy.  The Plaintiff was arrested on charges including driving under the influence, failure to have liability insurance, non-illuminated license plate, resisting arrest, and trafficking in marijuana.

> On March 1, 2004, a grand jury in Logan County indicted the Plaintiff on those charges, among others.  The Plaintiff was arraigned the same day.

---

[1]In the "Statement of the Issues" in Jones's brief on appeal, Jones suggests that his appeal extends to all of the claims asserted in his complaint and dismissed by the district court on statute-of-limitations grounds.  However, Jones's brief develops arguments only with respect to his malicious-prosecution claim, and these arguments have no applicability to Jones's other claims.  Accordingly, we hold that Jones has waived all issues other than the dismissal of his malicious-prosecution claim. *See United States v. Sandridge*, 385 F.3d 1032, 1035-36 (6th Cir. 2004) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

The plaintiff filed a motion to suppress the evidence obtained during the traffic stop, which was initially denied. During the Plaintiff's trial, testimony was heard that gave rise to a renewed motion to suppress all evidence in the case. On January 31, 2005, the trial court granted the renewed motion, dismissed all charges against the Plaintiff, and declared a mistrial. The Commonwealth appealed the order of dismissal. The appeal was eventually dismissed by an Order entered by the Kentucky Court of Appeals on May 4, 2006, which became final on June 30, 2006.

On July 18, 2006, the Commonwealth filed a civil forfeiture action against the Plaintiff in Logan Circuit Court. According to that court, the Commonwealth initiated the forfeiture action to obtain ownership over several assets owned by the Plaintiff and his sister. The court dismissed the civil forfeiture action on March 5, 2007, determining it did not have jurisdiction to hear the civil proceeding under KRS 218A.460, because the Plaintiff was not convicted in the underlying criminal case.

Record on Appeal ("ROA") at 142-43 (Mem. Op. at 1-2).

On March 4, 2008, nearly one year after the dismissal of the civil-forfeiture action, Jones filed the instant suit, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and various state-law tort claims against the Officers. Jones's complaint asserted the following claims: (1) false arrest; (2) malicious prosecution; (3) a 42 U.S.C. § 1983 claim, arising from Jones's alleged false arrest and false imprisonment, for violations of his rights under the Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution; (4) false imprisonment; (5) defamation; and (6) claims against Logan County Sheriff Wallace Whittaker ("Whittaker") and Logan County for negligent failure to train and/or supervise the deputy sheriffs involved in Jones's arrest and detention, resulting in (a) violations of Jones's rights under the Kentucky Constitution and (b) violations of Jones's rights under the Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution (asserted pursuant to § 1983).[2]

---

[2]Jones's complaint does not clearly allege the separate tort of false arrest or the separate tort of malicious prosecution. However, the district court read the complaint to assert both claims, and neither party has raised this as an issue on appeal.

3

On April 28, 2008, the Officers filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), arguing that all of Jones's state-law claims and his § 1983 claims were barred by the one-year statute of limitations of KY. REV. STAT. ANN. § 413.140. Jones filed a response on May 14, 2008, and the Officers followed with a reply on May 15, 2008.

On June 11, 2008, the district court granted the Officers' motion to dismiss, concluding that each of Jones's claims was barred by the one-year statute of limitations of KY. REV. STAT. ANN. § 413.140. First, the district court ruled that the statute of limitations began to run on Jones's claims for false imprisonment and false arrest when Jones became "'held pursuant to legal process,'" which occurred when Jones was arraigned on March 1, 2004. ROA at 145 (Mem. Op. at 4) (quoting *Dunn v. Felty*, 226 S.W.3d 68, 72 (Ky. 2007)). Because this suit was not filed until March 4, 2008, well beyond the one-year period of KY. REV. STAT. ANN. § 413.140, the district court concluded that these claims were time barred. Second, the district court concluded that Jones's defamation claim was also barred by the one-year limitations period of KY. REV. STAT. ANN. § 413.140. Noting that, under Kentucky law, libel claims must be brought within one year of the publication of defamatory material and that slander claims accrue when the alleged tort occurs, the district court concluded that the latest date on which this could have occurred was when criminal proceedings against Jones were terminated on June 30, 2006, well beyond the one-year period. Third, the district court ruled that Jones's § 1983 claim arising from his allegations of false arrest and false imprisonment was barred by the one-year limitations period for personal injury actions of KY. REV. STAT. ANN. § 413.140(1)(a), which this court has held is the applicable statute of limitations for § 1983 claims brought in Kentucky. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Again, the district court concluded that this claim accrued when Jones was held pursuant to legal process

4

upon his arraignment on March 1, 2004. Fourth, the district court found that the one-year period of KY. REV. STAT. ANN. § 413.140 also applied to Jones's claims asserted under the Kentucky Constitution and under § 1983 that alleged that Whittaker and Logan County had failed properly to train and/or supervise the deputy sheriffs. The court concluded that these claims accrued, at the latest, when criminal proceedings against Jones were terminated on June 30, 2006.

Finally, in the only ruling challenged on appeal, the district court ruled that Jones's malicious-prosecution claim accrued when criminal proceedings against Jones terminated on June 30, 2006, and therefore this claim was barred by the one-year statute of limitations of KY. REV. STAT. ANN. § 413.140(1)(c). The district court observed that under Kentucky law, the tort of malicious prosecution accrues when there is a "favorable termination of the criminal proceedings" against the plaintiff. ROA at 145 (Mem. Op. at 4) (citing *Dunn*, 226 S.W.3d at 73). The court rejected Jones's argument that his malicious-prosecution claim did not accrue until March 5, 2007, when the civil-forfeiture action against Jones's property was dismissed. In his response to the motion to dismiss, Jones had argued that the civil-forfeiture proceeding was actually a "criminal" forfeiture action, and thus the "criminal proceedings" against him did not conclude until that forfeiture action was finally dismissed. The district court squarely rejected this argument, observing that "[c]riminal forfeiture is part of the sentence in a criminal case," whereas "[a] civil forfeiture proceeding is not part of a criminal case, and is instead a separate civil action against specific property in which the government may appropriate property used to commit a crime." ROA at 143 (Mem. Op. at 2). Jones filed a timely notice of appeal.

## II. ANALYSIS

"We review de novo a district court's determination that a complaint was filed outside the applicable statute of limitations." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). In its recent opinions, the Kentucky Supreme Court has "made clear . . . that a tort action concerning the wrongful bringing of an underlying *civil* case is properly referred to as 'wrongful use of civil proceedings,'" whereas "malicious prosecution" is the cause of action for an underlying *criminal* case. *See Hunt v. Lawson*, 2008 WL 4691052, at *5 n.12 (Ky. Oct. 23, 2008) (unpublished opinion) (quoting *Prewitt v. Sexton*, 777 S.W.2d 891, 893 (Ky. 1989), and citing *Mapother & Mapother, P.S.C. v. Douglas*, 750 S.W.2d 430, 431 (Ky. 1988)) (emphasis added). So, the simple answer in this appeal is that Jones should have filed a "wrongful use of civil proceedings" action for the underlying civil forfeiture action, but he did not. Having failed to bring such an action, he should have urged the district court to construe his complaint as alleging a "wrongful use of civil proceedings" action, but he did not. Instead, he urged the court to deem the forfeiture action a criminal proceeding.

Jones's only developed argument on appeal is that his malicious-prosecution claim is not barred by the one-year statute of limitations of KY. REV. STAT. ANN. § 413.140 because the forfeiture action brought by the state was part of the *criminal* proceedings against him, and therefore his malicious-prosecution claim did not accrue until the forfeiture action was terminated on March 5, 2007. The Officers counter that "[a]lthough the forfeiture action is related to the criminal action in that a criminal conviction is a necessary prerequisite to forfeiture, the forfeiture action is nonetheless a separate action that is civil in nature." Officers' Br. at 8.

6

Kentucky's forfeiture statute allows the state to bring an action to forfeit real and personal property used in the commission of certain drug offenses. KY. REV. STAT. ANN. § 218A.405 *et seq.* Kentucky case law makes clear that a forfeiture action under this statute is a separate "civil, *in rem* proceeding" that "target[s] the property itself" and not part of the criminal proceedings against the defendant. *Smith v. Commonwealth*, 205 S.W.3d 217, 221 (Ky. Ct. App. 2006). In *Smith*, the Kentucky Court of Appeals, Kentucky's intermediate appellate court, rejected an argument—similar in substance to that advanced by Jones in the instant case—that Kentucky's forfeiture statute is *criminal* in nature. Smith was a criminal defendant whose vehicle was forfeited long after judgment was entered upon his plea of guilty to trafficking cocaine. Arguing that the forfeiture of his vehicle was a "criminal penalty," Smith contended that the forfeiture therefore violated the constitutional prohibition on double jeopardy. *Id.* at 220. The Kentucky Court of Appeals rejected that argument. Applying the framework articulated by the U.S. Supreme Court in *United States v. Ursery*, 518 U.S. 267 (1996), the *Smith* court concluded that the Kentucky forfeiture statute was—both in intent and in effect—civil and remedial, rather than criminal and punitive, and therefore did not violate the prohibition on double jeopardy. *Id.* at 221-23.

The *Smith* court explained that Kentucky's forfeiture statute was "intended by the legislature to be a civil, *in rem* proceeding." *Id.* at 221. The court pointed out that under the statute, personal property may in some cases be seized without judicial process prior to forfeiture, KY. REV. STAT. ANN. § 218A.415(1), and that the Fourth Amendment exclusionary rule does not apply in proceedings to forfeit real property, KY. REV. STAT. ANN. § 218A.415(3)(a)(3). *Smith*, 205 S.W.3d at 221. Further, the court noted that in some instances the statute placed the burden of proof on a claimant and provided presumptions in favor of the state. The court observed that these features

7

"render[ed] these forfeiture actions more akin to a civil proceeding than to a criminal trial, where the burden of proof is generally upon the Commonwealth to prove guilt beyond a reasonable doubt." *Id.* at 222. The *Smith* court further concluded that Kentucky's forfeiture statute was not criminal or punitive in effect because of its non-punitive remedial goals, including rendering property unavailable for illegal purposes and providing a source of funds for Kentucky's drug and alcohol education programs. *Id.*

The Officers point to further evidence that the forfeiture action against Jones's property was a civil proceeding. They point out, for instance, that the docket number assigned by the Logan Circuit Court to the forfeiture action against Jones's property bears a civil action number, 06-CI-00318. They also note that "parties other than Jones, including other persons having an interest in the property, were joined as defendants, making the forfeiture action similar to a mortgage foreclosure." Officers' Br. at 8. In addition to Jones, the state's complaint in the forfeiture action named Jones's sister, a bank holding a mortgage on Jones's house, and the Commonwealth of Kentucky, which held a bail bond posted by Jones for another individual.

Jones, by contrast, points to absolutely no legal authority in support of his argument that a forfeiture action under Kentucky's statute is part of the criminal proceedings. Instead, Jones makes two arguments that we easily reject. First, Jones cites the fact that the forfeiture action was dismissed by the Logan Circuit Court because the state had failed to obtain the requisite criminal conviction against Jones. However, the mere fact that a criminal conviction is a necessary prerequisite to forfeiture under Kentucky's forfeiture statute does not make a forfeiture action part of, or indistinguishable from, the underlying criminal proceedings. Jones also points out that the Logan Circuit Court docket sheet in the criminal action against him contains an entry dated March

8

5, 2007, indicating that the civil-forfeiture action had been dismissed. This cross-reference only highlights, however, the fact that the criminal action and the civil-forfeiture action were two distinct proceedings—one on the criminal docket and one on the civil docket.

Because it is clear that Kentucky law makes a civil-forfeiture action a separate, *civil* proceeding, we conclude that the forfeiture action brought against Jones's property was not part of the criminal proceedings against Jones. Consequently, we hold that the district court did not err in dismissing Jones's malicious-prosecution claim as barred by the one-year statute of limitations.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's grant of the Officers' motion to dismiss.