# White v. Commonwealth, for the Use and Benefit of City of Middlesboro.

(Decided October 25, 1927.)

## Appeal from Bell Circuit Court.

1. Criminal Law.—Defendant in prosecution for violation of prohibition act may go behind search warrant and affidavit for purpose of showing that knowledge of facts stated in affidavit was obtained by an illegal search made by affiant.

2. Intoxicating Liquors.—Where policeman entered defendant's store to borrow hatchet and after procuring hatchet went into vacant rooms without defendant's knowledge or consent and found home brew and then made affidavit for search warrant, search was illegal and knowledge thus obtained could not be made basis of subsequent legal search.

3. Criminal Law.—Where officer discovered facts stated in affidavit for search warrant by an illegal search of defendant's premises,

all evidence, whether obtained by original search, or by subsequent search under search warrant, should have been excluded.

4.  Criminal Law.—Where there was no evidence tending to establish defendant's guilt of possessing liquor except that obtained by illegal search of defendant's premises and by subsequent search under search warrant, which was based on facts discovered in previous illegal search, defendant's motion for peremptory instruction should have been sustained.

ISHAM G. LEABOW for appellant.

ARTHUR RHORER, FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

This appeal is prayed from a judgment convicting appellant of the unlawful possession of intoxicating liquor, and fixing his punishment at a fine of $300.00 and 60 days in jail.

The facts are these: Appellant, who lives in Middlesboro, conducts a grocery in a building consisting of a storeroom fronting on one of the streets of the city, and a number of rooms back of the store, which may be reached by a door leading out from the storeroom. On August 14, 1926, George Haley, a policeman of the city, entered appellant's store for the purpose of borrowing a hatchet. After procuring the hatchet, he went through the door into one of the vacant rooms, without appellant's knowledge or consent, and found a quantity of home brew. He did not arrest appellant at the time, but went before a notary public and made an affidavit that while standing in the building he saw intoxicating liquor on the premises, to wit, home brew. He delivered the affidavit to the judge of the police court, who issued a search warrant authorizing a search of the premises. The officers, including Haley, then went to the premises and found the home brew. Haley was introduced as a witness by the Commonwealth. After testifying as to what took place, he was asked why he went into the back room. His answer was, "I went into the store to borrow a hatchet." Appellant moved the court to exclude all the evidence on the ground that it was obtained by an illegal search of the premises, and also asked for a peremptory instruction. Both motions were overruled.

While it is the rule in this state that, where the affidavit and search warrant are regular and sufficient on their face, the defendant cannot go behind the search warrant for the purpose of showing that the facts stated in the affidavit are not true, the case under consideration is not of that kind. Here the attack is not on the truth of the facts stated in the affidavit, but on the method by which the affiant obtained the information of the facts. If it were the rule that an officer could make an illegal search of one's premises and then use the information thus obtained as the basis for a search warrant authorizing him to search the premises, then the whole purpose of the constitutional provision against unreasonable search and seizure would be defeated. Manifestly, it is just as unlawful for an officer to make an illegal search of one's premises for the purpose of acquiring information of facts on which to base an affidavit as it is to make an illegal search for the purpose of obtaining evidence on which to base a conviction. We are therefore of the opinion that the defendant in a prosecution for a violation of the prohibition act may go behind the search warrant and affidavit for the purpose of showing that knowledge of the facts stated in the affidavit was obtained by an illegal search made by the affiant. To the extent that Reitzel v. Commonwealth, 203 Ky. 186, 261 S. W. 1106, announces a contrary doctrine, it is hereby overruled.

The next question to be considered is whether knowledge of the facts stated in the affidavit made by Officer Haley was obtained by him through an illegal search. If this were a case where the officer entered a man's store on a lawful mission and saw therein intoxicating liquor that was plainly observable without the necessity of a search, a different question would be presented. But such is not the case. Even if it be conceded that the officer in good faith entered appellant's storeroom to borrow a hatchet, the purpose of his mission was accomplished when he obtained the hatchet, and up to that time he had not detected the presence of intoxicating liquor. Instead of retiring from the storeroom with the hatchet, he, without appellant's knowledge or consent, went through the door of the storeroom into the unoccupied rooms in the rear of the premises. When asked why he did this, he evaded the question by stating that he went into the store to borrow a hatchet, and his conduct leaves no doubt that he entered the rear of the premises for

the purpose of searching for intoxicating liquor. Having done this without a search warrant, and without appellant's knowledge or consent, it follows that the search was illegal, and that the knowledge thus obtained could not be made the basis of a subsequent legal search. In the circumstances, the trial court should have excluded all the evidence, whether obtained by the original search or the subsequent search under the search warrant, and, there being no other evidence tending to establish appellant's guilt, his motion for a peremptory instruction should have been sustained.

Wherefore the appeal is granted, and the judgment is reversed and cause remanded for a new trial consistent with this opinion.