**14 CONSOLE TYPE SLOT MACHINES,**
Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 10, 1954.

Strother Kiser, Lexington, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

In a forfeiture proceeding under KRS 436.280, the jury found that 14 "console type" slot machines, which had been seized by the sheriff of Fayette County, were gambling devices, and judgment was entered that the machines be forfeited and destroyed.

On this appeal by the slot machines (through their owner), the main contention is that the machines were seized illegally, and therefore the forfeiture proceeding should have been quashed.

The machines were seized without a warrant, by the sheriff of Fayette County on May 6, 1953, upon their arrival in a truck in front of the place of business of a Mr. Rushmeyer, in Lexington. Several months prior to that day, the machines had been taken from the basement of Mr. Rushmeyer's place of business and removed to a public warehouse, by agents of the F.B.I., on a charge of violation of the federal law known as the Johnson Act. Upon a hearing in the federal district court, it was adjudged that the seizure by the federal officers was unauthorized under the Johnson Act, and the federal marshal was directed to return the machines to the place from which they had been taken. Accordingly, the marshal hired a truck and escorted the machines to Mr. Rushmeyer's place of business, where the sheriff and his deputies were awaiting. There was some discussion as to whether the machines should be unloaded from the truck, and it finally was agreed by the sheriff and Mr. Rushmeyer's attorney, who was present, that the machines need not be unloaded before being seized by the sheriff, but the situation would be treated as if they had been unloaded and taken into the basement, and then seized by the sheriff.

For the purposes of this appeal it may be conceded that it was solely by virtue of the activities of the federal officers that the sheriff acquired his knowledge that the machines would be in front of Mr. Rushmeyer's place of business at a certain hour.

The contention on behalf of the appellant machines is that the seizure by the sheriff

was illegal because it was based solely on information gained as a result of the illegal seizure by the federal officers. See White v. Commonwealth, 221 Ky. 535, 299 S.W. 168; Walters v. Commonwealth, 199 Ky. 182, 250 S.W. 839; 47 Am.Jur., Searches and Seizures, sec. 74, p. 550.

The authorities relied upon relate to the question of admissibility, in a *criminal prosecution*, of evidence procured through an illegal search and seizure. However, here we do not have a criminal prosecution, but a forfeiture proceeding, which is a civil action in rem. 23 Am.Jur., Forfeitures and Penalties, sec. 14. p. 611; Clark v. Commonwealth, 204 Ky. 740, 265 S.W. 280.

It is our opinion that the question of whether the seizure was illegal cannot be raised in this kind of proceeding. This opinion is in accord with that of Mr. Justice Holmes in Dodge v. United States, 272 U.S. 530, 47 S.Ct. 191, 192, 71 L.Ed. 392, in which it was held that property could be forfeited in a proceeding by the Federal Government under the National Prohibition Act, 41 Stat. 305, notwithstanding that the property was seized illegally. As stated by Mr. Justice Holmes, "The exclusion of evidence obtained by an unlawful search and seizure stand on a different ground."

There is some contention by the appellants that the evidence showed the machines were so physically damaged in their seizure and detention by the federal officers that they were not capable of being operated, and therefore they could not be condemned as gambling devices. However, we think the evidence showed only casual damage, which could readily be repaired, and which was not such as to deprive the machines of their essential characteristics as gambling devices.

A further contention is that, because there were no "pay-off" boxes in the machines, and on their face the machines rewarded the player only with free games, there was not sufficient evidence that the machines were intended to be used for

gambling. However, there was testimony by police officers that in their experience machines of this character were used for gambling purposes, and the pay-offs were made in money rather than in free games. This, together with other evidence, was sufficient to bring the machines within the statute, KRS 436.280. See Three One-Ball Pinball Machines v. Commonwealth, Ky., 249 S.W.2d 144; Sterling Novelty Co. v. Commonwealth, Ky., 271 S.W.2d 366.

The judgment is affirmed.