**Eulah SLONE, Administratrix of the Estate of Gene David Slone, Deceased, Appellant,**

v.

**Avery CASEY and Shirley Casey, Appellees.**

No. 2004–CA–002348–MR.

Court of Appeals of Kentucky.

May 19, 2006.

James P. Pruitt, Jr., Pruitt & deBourbon, Pikeville, KY, for appellant.

Lawrence R. Webster, Pikeville, KY, for appellees.

Before GUIDUGLI and TAYLOR, Judges; EMBERTON, Senior Judge.[1]

### OPINION AND ORDER

TAYLOR, Judge.

Eulah Slone, Administratrix of the Estate of Gene David Slone, deceased, brings this appeal from an October 27, 2004, judgment of the Pike Circuit Court adjudicating the boundary of certain real property. We dismiss.

On April 20, 2000, Gene David Slone and Eulah Slone filed a complaint seeking to resolve a boundary line dispute with their neighbors, Avery Casey and Shirley Casey. Gene and Eulah had acquired the disputed property as tenants in common by deed dated March 8, 2000.[2] During the pendency of the action, Gene passed away. On July 8, 2004, Eulah, as administratrix of Gene's estate, filed a motion to revive the action "in the name of the decedent's personal representative...."[3] On July 19, 2004, the circuit court entered an order reviving the action in the name of "Eulah Slone, Administratrix of the Estate of

Gene David Slone, deceased." On October 27, 2004, the circuit court entered its judgment adjudicating the boundary dispute between the parties in the favor of the Caseys. Being unsatisfied with the judgment, Eulah, in her capacity as administratrix of Gene's estate, filed a notice of appeal in this Court. For the reasons hereinafter elucidated, we dismiss this appeal for failure to name an indispensable party.

It is well-established that failure to name an indispensable party in the notice of appeal results in dismissal of the appeal. Ky. R. Civ. P. 19.02; *City of Devondale v. Stallings*, 795 S.W.2d 954 (Ky.1990). The failure to name an indispensable party in the notice of appeal is considered a jurisdictional defect. *Id.*

The notice of appeal named Eulah Slone, Administratrix of the Estate of Gene David Slone, as the sole appellant. Upon death of an owner of real property, the title to said property passes directly to the heirs at law or to the beneficiaries under a will; it does not pass through the estate. *Wood v. Wingfield*, 816 S.W.2d 899 (Ky.1991). As real property passes as a matter of law to the heirs of the estate or beneficiaries under a will, the personal representative of the estate has no interest in or title to the real property. Rather, the heirs or the beneficiaries are considered the real parties in interest to a proceeding involving the real property. *Levin v. Ferrer*, 535 S.W.2d 79 (Ky.1975). Accordingly, we are of the opinion that Eu-

---

1. Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. The deed reflects that Gene Slone and Eulah Slone acquired title as husband and wife, without reference to any survivorship rights.

As such, they took title as tenants in common. KRS 381.050(1).

3. In June 2004, Avery Casey and Shirley Casey filed a motion to revive the action, naming Eulah and her three children as the heirs of Gene. If Gene died intestate, the children would have acquired an ownership interest in Gene's one-half interest in the property.

lah, in her capacity as administratrix of Gene's estate, has no interest in or title to the disputed real property. Upon Gene's death, his interest in the disputed property passed as a matter of law to his heirs or beneficiaries.[4]

 Additionally, we believe Eulah is an indispensable party to this appeal. Eulah is a co-owner of the property and owned an undivided one-half interest in the subject property at the time the action was commenced and may have acquired an additional interest upon Gene's death.[5] Eulah was an original plaintiff to this action and is so named in the circuit court's judgment. As Eulah in her individual capacity is an indispensable party, an appeal could not be taken without naming Eulah in her individual capacity, and the notice of appeal is, therefore, defective on its face.

Now, therefore be it ORDERED, that Appeal No.2004–CA–002348–MR be DISMISSED for failure to name an indispensable party.

ALL CONCUR.

---

4. We are unable to determine from the record whether Gene died testate or intestate. By naming Eulah as administratrix of his estate, we assume that Gene died intestate; however, such is only an inference from the use of the term "administratrix."

5. Had Gene David Slone and Eulah Slone owned their property with right of survivorship, Eulah would have acquired ownership of the entire property upon Gene's death as a matter of law.