James O. OLDEN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2005–SC–000502–MR.

Supreme Court of Kentucky.

Oct. 19, 2006.

Lisa Bridges Clare, Assistant Public Advocate, Department for Public Advocacy, Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, William Robert Long, Jr., Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

Appellant, James O. Olden, was convicted in the Caldwell Circuit Court on two counts of trafficking in cocaine. He subsequently received a twenty year sentence of imprisonment on each count to be served consecutively for a total of forty years in prison. He now appeals his conviction and sentence as a matter of right, Ky. Const. § 110(2)(b), alleging several errors that occurred during trial, *viz.:* (1) that the trial court erred in admitting evidence of marijuana, which was found during a search of Appellant's property; (2) that the trial court erroneously denied Appellant's motion to suppress evidence seized during two searches of Appellant's residence; (3) that the trial court erred in excluding the written statement of an informant who was not available to testify; and (4) that the

trial court improperly ordered forfeiture of certain property seized from Appellant's residence. For the reasons set forth herein, we affirm Appellant's conviction and sentence, but reverse the trial court's order of forfeiture of Appellant's personal property.

## FACTS

On May 17, 2004, Officer Brent McDowell of the Princeton Police Department stopped a speeding vehicle driven by Christy Gordon. Prior to pulling Gordon over for speeding, Officer McDowell had observed Gordon's vehicle as it was parked at Appellant's residence. After requesting Gordon's license and registration, Officer McDowell requested and obtained the consent of Gordon to search her car. During the search, Officer McDowell noticed that Gordon had placed a small tin box in the front of her pants. At McDowell's request, Gordon handed over the tin, which contained a small portion of crack cocaine. A crack pipe was also found in the vehicle.

Instead of arresting Gordon, Officer McDowell enlisted her help in obtaining information on where she purchased the drugs. Once at the police station, Gordon cooperated and voluntarily wrote out a statement indicating that prior to being pulled over she had gone to Appellant's residence to smoke crack and that Appellant had given her a small quantity of crack cocaine to take home. Gordon's statement was witnessed by Officer McDowell and Officer James Mason, also of the Princeton Police Department.

Based on this information, Officer McDowell obtained a search warrant to search Appellant's person, automobile and residence, which was executed on May 18, 2004,[1] by McDowell, Detective Don Weidman of the Pennyrile Narcotics Task Force, and Princeton Police Chief Brian Ward. During the search, officers found $1610 in cash on Appellant's person, as well as 11.6 grams of crack cocaine and a small bag of marijuana seeds in the glove box of Appellant's car. Once Appellant was taken back to the police station, he voluntarily disclosed to Officer McDowell, Chief Ward, and Det. Weidman that the marijuana was for his personal use and that he did not use crack cocaine, he sold it.

One month later, on June 18, 2004, Officer McDowell pulled over a vehicle for running a stop sign. The vehicle was recently seen parked at Appellant's residence. While speaking to the driver, Amy Phelps, the officer noticed the passenger, Carter Peaks, attempting to hide what later turned out to be a small quantity of crack cocaine in a plastic bag. While placing Peaks under arrest, McDowell observed Phelps attempting to brush remnants of crack cocaine out of the passenger seat and thus arrested her as well.

Phelps and Peaks agreed to cooperate with police in their investigation concerning the seller of the crack cocaine Peaks had on his person. Both Phelps and Peaks wrote statements incriminating Appellant, prompting Officer McDowell to obtain another search warrant for Appellant's person, automobile, and residence. Upon execution of this search warrant, approximately $1,542 in cash was found on Appellant's person, and 4.3 grams of crack cocaine were found on a black plate under

---

1. There is some disagreement as to the actual date that the warrant was executed and Appellant was arrested. The Uniform Citation completed by Officer McDowell indicates Appellant was arrested on May 17, 2004, one day before the search warrant was obtained.

However, this discrepancy was never brought to the attention of the trial court, although Appellant alleges in this appeal that this discrepancy was part of a larger conspiracy to frame him despite having no evidence to support such a claim.

a chair in Appellant's residence. Appellant was then arrested for a second time.

On October 6, 2004, a Caldwell County Grand Jury indicted Appellant for two counts of First Degree Trafficking in a Controlled Substance, second offense, as well as several other counts, which were subsequently dismissed. Following Appellant's trial, the jury recommended a twenty year sentence for each count of trafficking in crack cocaine, to be served consecutively, for a total of forty years imprisonment. An ancillary hearing was also held during which Appellant's property was ordered to be forfeited. He now appeals.

## ANALYSIS

### I. Admission of other crimes evidence.

In his first assignment of error, Appellant alleges that the trial court erred in allowing the Commonwealth to introduce testimony concerning marijuana found during a search of Appellant's residence even though Appellant was not being tried for an offense involving marijuana. For several reasons, we cannot agree.

■ Initially, we note that Appellant has failed to preserve this issue for appellate review. At the beginning of the trial, the prosecutor informed the court and defense counsel, as required by KRE 404(c), that the marijuana possession issue would most likely come up during direct examination of the police officers. Defense counsel informed the court that he *would have* an objection, and at the suggestion of the trial judge, expressed his desire for an admonition to the jury. However, at no point during the testimony of any of the three officers did the Appellant object, nor did he ever request an admonition.

■ RCr 9.22 "requires a party to render a *timely and appropriate objection* in order to preserve an issue for review." *Collett v. Commonwealth,* 686 S.W.2d 822, 823 (Ky.App.1984) (emphasis added). By doing so, "the complaining party make[s] known to the trial court the action which he desires the court to take." *Blanton v. Commonwealth,* 429 S.W.2d 407, 410 (Ky. 1968). "RCr 9.22 ... requires contemporaneous objections ... because it gives the trial judge the opportunity to remedy any errors in the proceedings." *Salisbury v. Commonwealth,* 556 S.W.2d 922, 926 (Ky. App.1977); *see also Estelle v. Williams,* 425 U.S. 501, 508 n. 3, 96 S.Ct. 1691, 1695, 48 L.Ed.2d 126 (1976).

Here, there was no contemporaneous objection. Simply voicing your intentions to object at some later time, but then failing to do so when the time draws nigh, does not serve the purpose of the rule, which is to give the trial court an opportunity to cure any errors in the proceedings, nor does it preserve the issue for review.

■ Though the issue is not preserved, we would nonetheless find that the trial court did not abuse its discretion in admitting this testimony. The trial court found the evidence relevant to the Commonwealth's case and not overly prejudicial to the Appellant. Indeed, in Appellant's statement to the police he remarked that the marijuana was for his personal use, but that he did not smoke crack cocaine, rather he sold it. Furthermore, Appellant's defense counsel highlighted on cross-examination of the officers that the marijuana was seized during the May 2004 search of Appellant's residence.

Moreover, Appellant defended himself by admitting possession of the drugs seized, claiming they were possessed for personal use only. This, despite testimony from the three officers that no device to smoke crack cocaine was uncovered during

the search of Appellant's person, vehicle, or home.

## II. Motion to suppress

### A. Standard of Review.

The standard for appellate review of a trial court's actual determinations regarding suppression motions is provided in RCr 9.78. "If supported by substantial evidence the factual findings of the trial court shall be conclusive." RCr 9.78. *See also Davis v. Commonwealth,* 795 S.W.2d 942 (Ky.1990). "When the findings of fact are supported by substantial evidence ... the question necessarily becomes, 'whether the rule of law as applied to the established facts is or is not violated.' " *Adcock v. Commonwealth,* 967 S.W.2d 6, 8 (Ky.1998) (quoting *Ornelas v. United States,* 517 U.S. 690, 697, 116 S.Ct. 1657, 1662, 134 L.Ed.2d 911(1996)). "The second prong involves a *de novo* review to determine whether the court's decision is correct as a matter of law." *Stewart v. Commonwealth,* 44 S.W.3d 376, 380 (Ky. App.2000) (citing *Adcock v. Commonwealth,* 967 S.W.2d 6, 8 (Ky.1998); *Commonwealth v. Opell,* 3 S.W.3d 747, 751 (Ky.App.1999)). However, "a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas,* 517 U.S. at 699, 116 S.Ct. at 1663.

### B. Trial court's decision based on substantial evidence.

During the suppression hearing, Appellant made a motion to suppress the evidence seized during both searches of his residence. In that motion, Appellant challenged the validity of the search warrants by calling into question the veracity and reliability of the information given to Officer McDowell subsequent to the traffic stops of Ms. Gordon, and Ms. Phelps and Mr. Peak. In his affidavit in support of the search warrant, Officer McDowell relied upon the information given to him during those traffic stops, noting that both vehicles had been recently seen at Appellant's house prior to the traffic stops, and during both stops he found crack cocaine in the possession of the occupants of the vehicles. The officer also testified that the occupants of the vehicles voluntarily informed him that they had acquired the drugs from Appellant. Appellant argued, however, that the informants had a vested interest in giving law enforcement the information to avoid being charged with possession of crack cocaine.

In reviewing the evidence and testimony, the trial court found that "reliability [was] written all over the affidavit," finding that much of the information contained in the affidavit was corroborated. The trial court subsequently denied the motion to suppress.

Giving all due weight to the inferences drawn from the facts as found by the trial judge, *Ornelas,* 517 U.S. at 699, 116 S.Ct. at 1663, we find the trial court's findings of fact were supported by substantial evidence.

### C. Trial court's decision correct as a matter of law.

As a matter of law, the trial court correctly denied Appellant's motion to suppress. Here, Officer McDowell testified as to the reliability of the information he received during the two traffic stops. The officer noted that he had very recently observed the vehicles parked at Appellant's house, and he waited until the vehicles left the area to pull them over on traffic violations. Further, he testified that Gordon, who was pulled over and found to be in possession of crack cocaine on May 17, 2004, voluntarily signed a statement to the effect that she had

smoked crack with Appellant at his house just prior to being pulled over and that Appellant had given her some crack to take home. Officer McDowell as well as another officer, Officer James Mason, witnessed Gordon sign this statement.

■■■ Although Gordon, Phelps and Peak were never used in the past as informants, the trial court nonetheless found them to be credible and their information to be reliable.

> While an informant's veracity, reliability, and basis of knowledge are all "relevant considerations in the totality of the circumstances analysis," they are not conclusive and "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability."

*Johnson v. Commonwealth,* 180 S.W.3d 494, 499 (Ky.App.2005) (quoting *Illinois v. Gates,* 462 U.S. 213, 233, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527(1983)). *See also Lovett v. Commonwealth,* 103 S.W.3d 72, 79 (Ky.2003) (upholding a search warrant based on detailed, first-hand observations). Despite Appellant's question as to the informants' motives, an "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles [the informant's] tip to greater weight than might otherwise be the case." *Gates,* 462 U.S. at 234, 103 S.Ct. at 2330. Such occurred in this case as Officer McDowell testified to the statements taken from the informants, whom he had just seen at Appellant's house, and such was corroborated by the voluntary statements given by each informant.

Finally, we note that, in his brief, Appellant attempts to characterize any apparent discrepancies or mistakes regarding the date noted on the Uniform Citation concerning Appellant's first arrest in May of 2004 as an alleged plot on behalf of Officer McDowell to frame Appellant. Appellant asserts that the date of arrest given on the Uniform Citation as May 17, 2004, stands in contrast to the date of May 18, 2004, on which Judge McCaslin signed the search warrant. Essentially, Appellant suggests that the arrest and search occurred on May 17, one day prior to the date the search warrant was signed and executed. These arguments were never presented to the trial court, and thus we decline to give them any weight here on appeal. As such, we find the trial court's denial of Appellant's motion to suppress evidence correct as a matter of law.

## III. Exclusion of evidence.

■■■ Appellant next argues that the trial court improperly excluded a statement allegedly written by Ms. Gordon. In this written statement, Gordon states that she was coerced into giving her previous statement incriminating Appellant and that she lied when she told Officer McDowell that she received the crack cocaine from Appellant. Gordon was unable to be located prior to trial and was "unavailable" as defined in KRE 804(a)(5).

Appellant alleges that Gordon's statement, although hearsay, was admissible as a statement against interest pursuant to KRE 804(b)(3) in that she admitted to possessing crack cocaine on the day Officer McDowell pulled her over and searched her car. The trial court found that the statement in its entirety was not a statement against interest and that it was inherently unfair to permit the out-of-court statement to be used since the Commonwealth had no opportunity to cross-examine the witness concerning the statement.

■■■ "Rulings upon admissibility of evidence are within the discretion of the trial judge; such rulings should not be reversed on appeal in the absence of a clear abuse of discretion." *Simpson v. Common-*

*wealth,* 889 S.W.2d 781, 783 (Ky.1994). We believe that the trial court properly excluded the written statement as there were no corroborating circumstances to indicate the trustworthiness of the statement, nor was there any cross-examination permitted in this circumstance by which such trustworthiness could be examined.

## IV. Forfeiture of Appellant's property.

■ Appellant's final assignment of error alleges that the trial court improperly ordered the forfeiture of his personal property and that a forfeiture hearing is thus required to determine a nexus between the property and the drug trafficking charge. Although Appellant does not contest the forfeiture of his vehicle in which crack cocaine was found, he does contest the forfeiture of a yellow scooter.

From the record, it is apparent that the trial court never conducted a separate forfeiture hearing. However, we note that KRS 218A.460(2) provides, in pertinent part, that: "[T]he court shall conduct an ancillary hearing to forfeit property *if requested by any party other than the defendant or Commonwealth.*" (Emphasis added.) There is nothing in the record to support the conclusion that any party requested an ancillary hearing concerning the seized property subject to forfeiture.

This is not, however, dispositive of the issue.

[I]t is clear from the language contained in KRS 218A.410, that the Legislature intended for an individual to be afforded the basic constitutional protections of due process prior to forfeiture of otherwise legal property. We fail to discern any other reason why KRS 218A.410(1)(j) would place the burden on a claimant to rebut by clear and convincing evidence the presumption that the property, in this case [the yellow scooter], is forfeitable. Further, KRS 218A.460 expressly provides that the claimant to ... personal property has the burden to prove by a preponderance of the evidence that it is not subject to forfeiture.

*Harbin v. Commonwealth,* 121 S.W.3d 191, 195–96 (Ky.2003).

There is no evidence in the record that the claimants to the scooter, here, Appellant's children, ever received notice pursuant to KRS 218A.460(3) that the property was subject to forfeiture such that they could adequately attempt to rebut the presumption of forfeiture. "It defies common sense that one could meet such a burden in the absence of any knowledge of the forfeiture action." *Id.* at 196.

The Commonwealth elicited testimony from Officer McDowell that Appellant told him he bought the scooter for his daughter, Ashley Riley, and that Appellant had no means of income, suggesting that the scooter was purchased with the proceeds from the sale of crack cocaine. Conversely, Appellant's daughter, Ashley Riley, testified during the trial that she and her mother and an uncle had purchased the scooter. However, the Commonwealth never made it known that it intended to seek forfeiture of this property at any time during the trial or after Appellant's conviction, and thus the claimants to the personal property could not have known that they could rebut the presumption of forfeiture pursuant to KRS 218A.

Although the trial court had discretion in finding whether the Appellant had indeed met his burden in rebuttal and in ultimately ordering the forfeiture,[2] *Com-*

---

2. The trial court ordered the forfeiture of the scooter and other personal property on June 25, 2005.

*monwealth v. Shirley,* 140 S.W.3d 593, 598 (Ky.App.2004), there could be no forfeiture without first providing the claimants with notice and an opportunity to be heard. Therefore, we reverse the trial court's order of forfeiture and remand the issue to the trial court so that notice may be properly served concerning the property to be forfeited such that the claimants may be adequately apprised of such in order to attempt to rebut any presumptions pursuant to KRS 218A.

## CONCLUSION

For the foregoing reasons, Appellant's conviction and sentence are affirmed. However, the trial court's order of forfeiture is reversed and remanded so that the claimants to certain personal property may be adequately notified of the pending forfeiture.

All concur.