**COMMONWEALTH of Kentucky,**
**Appellant**

v.

**Ricky MAYNARD, Appellee.**

**No. 2008–CA–001144–MR.**

Court of Appeals of Kentucky.

Aug. 7, 2009.

---

**2.** "Any shipment in transit through the United States is an importation[.]"

Jack Conway, Attorney General, William Robert Long, Jr., Assistant Attorney General, Frankfort, KY, Matthew B. Leveridge, Jamestown, KY, for appellant.

Robert L. Bertram, Jamestown, KY, for appellee.

Before ACREE and LAMBERT, Judges; HARRIS,[1] Senior Judge.

## OPINION AND ORDER

LAMBERT, Judge.

The Commonwealth of Kentucky appeals from a May 27, 2008, Russell Circuit Court order denying the forfeiture of real property owned by the heirs of Ricky Maynard. For the reasons set forth herein, we must dismiss the Commonwealth's appeal on grounds that it failed to name indispensable parties in its notice of appeal. *City of Devondale v. Stallings,* 795 S.W.2d 954 (Ky.1990).

On January 4, 2007, police found approximately twenty-four pounds of marijuana on Maynard's real property. The contraband was seized, and a Russell County Grand Jury issued an indictment on February 14, 2007, charging Maynard with

---

**1.** Senior Judge William R. Harris, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580

trafficking in more than five pounds of marijuana, a Class C felony. On March 13, 2007, Maynard pled not guilty to the charge levied by the Grand Jury. Over the next few months, the parties engaged in discovery and filed related motions. On September 26, 2007, before any resolution of the criminal charge could be obtained, Maynard died. As the law presumed him innocent until proven otherwise, the criminal charge against Maynard was dismissed soon after his death.

Prior to Maynard's death, on February 28, 2007, the Commonwealth recorded a Forfeiture Lien Notice with the Russell County Clerk pursuant to KRS 218A.450. In that notice, the Commonwealth set forth its intent to seek the forfeiture of Maynard's real property pursuant to KRS 218A.410. Subsequent to Maynard's death and the resulting dismissal of the drug-related criminal charge against him, the Commonwealth initiated a KRS 218A.460(2) forfeiture hearing by filing a motion for entry of a final order of forfeiture. The violation of law alleged in the Commonwealth's motion which subjected Maynard's real property to forfeiture was trafficking in more than five (5) pounds of marijuana, a Class C Felony. Despite the fact that his client was deceased, Maynard's attorney was sent a copy of this motion.

On January 29, 2008, Maynard's attorney filed an objection to the Commonwealth's forfeiture motion, arguing that Maynard's real property was not subject to forfeiture since Maynard had never been convicted of the underlying drug-related crime. On May 13, 2008, a hearing was held on the matter.

Present at the May 13, 2008, hearing were attorneys for the Commonwealth and Maynard's trial attorney. The Commonwealth announced, without objection, that Maynard's trial attorney was now representing Maynard's estate. Maynard's heirs were also present at this hearing. According to the Commonwealth, Maynard's estate had requested the hearing pursuant to KRS 218A.460(2) ("Following conviction of a defendant for any violation of this chapter, the court shall conduct an ancillary hearing to forfeit property if requested by any party other than the defendant or Commonwealth.").

Upon consideration of the evidence and arguments submitted at the May 13, 2008, forfeiture hearing, the trial court issued its findings of fact, conclusions of law, and order denying forfeiture on May 27, 2008. In its order, the trial court identified the parties to the proceeding as the Commonwealth and "the heirs of Defendant Ricky Maynard, deceased." The trial court further found that Maynard's heirs were appointed as executors of Maynard's estate shortly after his death and that Maynard's heirs "objected to the forfeiture demand as improperly depriving them of the major asset of Maynard's estate."

In its order denying forfeiture, the trial court concluded that Maynard's heirs had met their burden of proof that they are innocent owners of Maynard's real property pursuant to KRS 218A.410(1)(h)(2). Thus, forfeiture of Maynard's real property would be inequitable. Alternatively, the trial court found that in the absence of an underlying criminal conviction, forfeiture of property is not permitted pursuant to KRS 218A.460. An appeal by the Commonwealth to this Court of the trial court's order denying forfeiture now follows.

On January 21, 2009, Appellee's counsel filed a motion to dismiss the Commonwealth's appeal to this Court on grounds that the Commonwealth failed to name indispensable parties in its notice of appeal, namely Maynard's heirs. By order of this Court entered on March 16, 2009,

Appellee's motion was passed to this panel for consideration of its merits.

After careful consideration, we conclude that all indispensable parties are not within the jurisdiction of this Court and thus, we must hereby grant Appellee's motion to dismiss the Commonwealth's appeal.

The style of the action captioning the Commonwealth's notice of appeal misleadingly indicates the following: Commonwealth of Kentucky v. Ricky Maynard. However, the body of the notice attempts to clarify the true nature of the proceeding as follows:

> The name of the Appellant is the Commonwealth of Kentucky. The name of the Appellee is Ricky Maynard. Ricky Maynard died prior to the criminal action being finalized. His Estate now stands in his stead. The Appellee is represented by. . . .

Appellee argues the above language is not sufficient to properly designate all indispensable parties to this appeal because Maynard's heirs are not named in any portion of the notice. On appeal, the Commonwealth disagrees and further argues that for the purposes of this forfeiture proceeding, the heirs have simply "stepped into the shoes" of decedent Maynard through the estate.

■ The jurisdictional rule set forth in *City of Devondale v. Stallings*, 795 S.W.2d 954 (Ky.1990), mandates that all indispensable parties must be timely and specifically named as parties in the notice of appeal. *Id.* at 957. Strict compliance with this mandate is necessary to avoid dismissal pursuant to the following language set forth in CR 73.02(2): "The failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial." *Id.* In *Stallings, supra,* dismissal of the appeal was ordered where two indispensable parties were not specifically named as parties in the notice of appeal, even though these parties were served with copies of the notice and subsequent pleadings in the appeal. *Id.*

■ In this case, the Commonwealth not only failed to name Maynard's heirs as parties to this appeal, but also specifically named Maynard, who is deceased, as the sole Appellee. As noted by Appellee, deceased parties generally have no standing to litigate before any court. *See Harris v. Jackson*, 192 S.W.3d 297, 301 (Ky.2006) (lawsuits by or against deceased parties generally require dismissal unless certain circumstances are met); CR 25.01 (substitution of parties may be made upon the death of a party); KRS 395.278 (lawsuits may be revived by representatives or successors to deceased parties).

Yet, poorly drafted notices of appeal can meet the jurisdictional mandate set forth in *Stallings, supra,* so long as the court is satisfied that the notice of appeal, when reasonably read in its entirety, is sufficient to confer "fair notice" to all indispensable parties of their status as a party to the appeal. *See Blackburn v. Blackburn*, 810 S.W.2d 55, 56 (Ky.1991) (dismissal not warranted where parties were named in style of action captioning the Notice of Appeal but not in body of said Notice). Unfortunately, prior case law has already determined that the defects in this case are fatal to the Commonwealth's appeal in this matter.

■ As Appellee correctly notes, in addition to naming a deceased party, the Commonwealth also erroneously lists Maynard's estate, rather than his heirs, as Maynard's successor to this appeal. In *Slone v. Casey*, 194 S.W.3d 336 (Ky.App. 2006), this Court held that when a real property owner dies, the successor to the decedent's interest in the real property is

not the decedent's estate, but rather the decedent's heirs or beneficiaries under a will. *Id.* at 337 ("Upon death of an owner of real property, the title to said property passes directly to the heirs at law or to the beneficiaries under a will; it does not pass through the estate.") (*citing Wood v. Wingfield*, 816 S.W.2d 899 (Ky.1991)).

While not sufficient to save this appeal from dismissal, it should be noted that Maynard's heirs participated in the forfeiture hearing that was conducted on May 13, 2008. In fact, the trial court even referenced the heirs as owners of the real property in its May 27, 2008, order denying forfeiture in this matter. After viewing the hearing tape and reviewing the trial court's order, however, it appears that the parties, and possibly even the trial court, mistakenly thought that the real property in question was an asset of Maynard's estate at the time of the forfeiture hearing. Hence, it appears that it was this mutual mistake of law which prompted the Commonwealth to name Maynard's estate as the successor party to this appeal rather than Maynard's heirs.

We find little if any prejudice to Maynard's heirs caused by the Commonwealth's error in naming the proper party to this matter. The attorney representing Appellee in this appeal is the same attorney that represented Maynard's estate at the forfeiture hearing attended by Maynard's heirs. Moreover, the heirs have all been appointed executors of Maynard's estate and thus, their interest in the real property has been actively and vigorously litigated at all stages of this litigation, including this appeal. Nevertheless, we are bound by prior Supreme Court case law, including case law set forth by prior panels of this Court in the absence of an *en banc* sitting. SCR 1.030.

The circumstances set forth in *Casey, supra,* cannot reasonably be distinguished from the circumstances in this matter. In that case, this Court, apparently on its own motion, dismissed a wife's appeal for failure to name an indispensable party where the wife correctly named herself as successor to her deceased husband's interest in real property, but incorrectly designated herself as the administratrix of her husband's estate rather than as an owner and heir in her own right. *Id.* at 337. Despite the fact that the wife was not prejudiced by this naming error in light of the fact that she was indeed named as a party in the notice of appeal, just in the wrong capacity, the *Casey* Court nonetheless determined that dismissal was required as a matter of jurisdictional mandate pursuant to the holding set forth in *Stallings, supra. Id.* at 337.

In this case, although the heirs have all been appointed executors of the Maynard estate, which is a named successor to the Appellee party in this appeal, none of the heirs has ever been named as a party in his individual capacity to the forfeiture proceeding or this appeal, despite the Commonwealth's knowledge of their existence. Thus, if the heirs are indispensable parties to this appeal, we are obliged by controlling precedent to dismiss this appeal since the heirs' names were completely omitted from the notice of appeal. *Anderson v. National Sec. Fire and Casualty Co.,* 870 S.W.2d 432, 434 (Ky.App. 1993) ("While the omission of parties from the notice of appeal prevents adjudication of the rights of those omitted, it does not prevent the appeal from being perfected and prosecuted as to those parties specifically named, so long as those omitted are not indispensable.").

■ Upon consideration, it is apparent that Maynard's heirs are indispensable parties to this appeal. "An indispensable party is one whose absence prevents the Court from granting complete relief

among those already parties ... [or] one whose interest would be divested by an adverse judgment." *Liquor Outlet, LLC v. Alcoholic Beverage Control Bd.*, 141 S.W.3d 378, 387 (Ky.App.2004) (internal citations omitted). Clearly, if the Commonwealth should be granted relief in this appeal, the interests of the heirs in the real property would be completely divested in this proceeding. In addition, as Maynard is deceased and his estate has no interest or title in said real property, there is currently no named party to this appeal which could be bound by any determination set forth by this Court. *See Combs v. Eversole*, 292 Ky. 135, 166 S.W.2d 280, 281 (1942) ("Only the name of the dead man appears as the appellee. Hence, it would be idle to express an opinion on any of the questions sought to be raised, since no one would be bound thereby."). Accordingly, dismissal is mandated as this appeal, as it currently stands, is moot.

Although not argued in its brief to this Court, the Commonwealth argued at the May 13, 2008, forfeiture hearing[2] that it was not necessary pursuant to the statutory scheme set forth in KRS 218A.405 *et seq.* to formally join the heirs as parties to the forfeiture proceeding. Rather, the act of giving the heirs notice of the forfeiture lien and granting the heirs a hearing was sufficient to make them a party to the proceeding under KRS 218A.405 *et seq.* Moreover, since this forfeiture stemmed from a criminal proceeding against Maynard, the Commonwealth complained that it had no procedural mechanism to formally join the heirs in any case.

We agree with the Commonwealth that this is a procedurally awkward matter, especially in light of Maynard's death.

However, forfeiture proceedings are not criminal in nature, and thus, the Commonwealth was mistaken in its understanding that there was no procedural mechanism for formally joining the heirs as parties to this proceeding. *Smith v. Commonwealth*, 205 S.W.3d 217, 221 (Ky.App.2006). Moreover, while there are relaxed standards for serving and notifying certain parties in proceedings such as these, those standards do not apply to the naming of indispensable parties on appeal. Thus, the Commonwealth's arguments are without effect in this case.

To understand the necessary procedure for properly designating indispensable parties in a forfeiture proceeding under KRS 218A.405 *et seq.*, we must first look to the class of this proceeding. It is generally understood that legal proceedings are divided into three classes: (1) *in personam;* (2) *in rem;* and (3) *quasi in rem. Gayle v. Gayle*, 301 Ky. 613, 614, 192 S.W.2d 821, 821 (1946). In an oft quoted footnote, the United States Supreme Court summarized the three classes of legal proceedings as follows:

> A judgment in personam imposes a personal liability or obligation on one person in favor of another. A judgment in rem affects the interests of all persons in designated property. A judgment quasi in rem affects the interests of particular persons in designated property. The latter is of two types. In one the plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons. In the other the plaintiff seeks to apply what he concedes to be the

**2.** Although purporting to represent Maynard's estate, Appellee's attorney did argue at the forfeiture hearing that the Commonwealth's failure to name the heirs as a party to the

forfeiture action should result in the matter being dismissed since no forfeiture judgment entered by the trial court could be enforced without them being named as parties.

property of the defendant to the satisfaction of a claim against him.

*Hanson v. Denckla,* 357 U.S. 235, 246, n. 12, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

In *Smith v. Commonwealth,* 205 S.W.3d 217, 221 (Ky.App.2006), this Court held that forfeiture proceedings held under KRS 218A.405 *et seq.* are civil, *in rem* proceedings. *Id.* As noted above, *in rem* proceedings target the property itself and are designed to determine the interests of persons in said property. *Id.* "A personal judgment is a pronouncement binding only on the parties to the action and their privies; whilst a judgment *in rem,* by a court of competent jurisdiction, is a pronouncement upon the status of the subject matter, and is binding upon the world." *Gayle,* 192 S.W.3d at 822. As such, the standards for serving and notifying interested parties in *in rem* and *quasi in rem* proceedings are less exacting than those imposed in *in personam* proceedings. *Id.* ("Judgments *in rem* and *quasi in rem* may be pronounced in an action in which the defendant has been notified by constructive process; whereas, a personal judgment may be pronounced only by personal service upon the defendant within the territorial jurisdiction of the court, or by his voluntary appearance to the action.").

Since *in rem* proceedings target the property itself and are subject to less exacting service and notice standards relating to interested parties, case captions have historically referenced the property subject to forfeiture and not the interested parties. *See, e.g., United States v. James Daniel Good Real Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993); *14 Console Type Slot Machines v. Commonwealth,* 273 S.W.2d 582, 582 (Ky.1954). Perhaps to achieve compliance with CR 10.01, which mandates reference to the "names of all the parties" in the style of the action captioning every pleading, more

recent Kentucky cases have dropped case captions referencing the subject property and have instead adopted case captions referencing the known parties whose rights to the subject property were being determined. *See Commonwealth v. Coffey,* 247 S.W.3d 908 (Ky.2008); *Osborne v. Commonwealth,* 839 S.W.2d 281 (Ky.1992); *Hinkle v. Commonwealth,* 104 S.W.3d 778 (Ky.App.2002). In some cases, forfeiture issues have actually been merged with the underlying criminal matter on appeal, despite the fact that pursuant to the holding set forth in *Smith, supra,* KRS 218A.405 *et seq.* forfeiture proceedings are separate civil matters. *See Olden v. Commonwealth,* 203 S.W.3d 672, 678 (Ky.2006); *Harbin v. Commonwealth,* 121 S.W.3d 191 (Ky.2003).

■ In accordance with the nature of *in rem* proceedings as set forth above, KRS 218A.460 does not require personal service or even personal jurisdiction over those whom may have an interest in property subject to forfeiture. Rather, this statute merely requires a hearing, if requested, and notice of the forfeiture proceedings via registered mail, if the owners of the subject property can be ascertained after "diligent search and inquiry." KRS 218A.460(2) & (3); *Olden v. Commonwealth,* 203 S.W.3d 672, 679 (Ky.2006). For unknown persons who may have an interest in property subject to forfeiture, constructive notice is all that is required for the Commonwealth to proceed with a forfeiture claim. *Id.* Thus, we agree with the Commonwealth that formally joining the heirs as a party at the time of the forfeiture hearing on May 13, 2008, was not necessary to obtain a final order of forfeiture so long as the heirs were given the notice and opportunity to be heard as required by KRS 218A.460(3).

Since the heirs attended the May 13, 2008, forfeiture hearing in this matter,

there is no question that the heirs were given the requisite notice and opportunity to be heard. Thus, had the trial court granted the Commonwealth's motion for a final order forfeiting Maynard's real property, the heirs would have had no other remedy but to appeal the merits of the trial court's determination in its own right, being careful to name the proper parties.

Yet, the trial court did not grant the Commonwealth's motion for a final order declaring the forfeiture of Maynard's real property. Rather, pursuant to KRS 218A.460(2), the trial court chose to extinguish the Commonwealth's lien against Maynard's real property by order denying forfeiture of the real property dated May 27, 2008.[3] Once the Commonwealth's lien was extinguished by this May 27, 2008 order, the heirs became the true and unencumbered owners of the real property, and any appeal of the trial court's determination could not be perfected unless the notice of appeal included as named parties any "owner of the property" as that term is set forth in KRS 218A.460(3). Thus, while the Commonwealth's failure to give proper notice to and join the true property owners as parties to the proceeding may have been excused at the trial court level due to the heirs presence and participation at the forfeiture hearing, it cannot be excused on appeal as strict compliance with said procedural requirements is mandated by CR 73.02(2) as that rule is interpreted

by the case law set forth in *Stallings, supra,* and its progeny.

For these reasons, it is therefore ORDERED that Appeal No. 2008–CA–001144–MR is DISMISSED.

ACREE, Judge, concurs in result only.

HARRIS, Senior Judge, concurs and files separate opinion.

HARRIS, Senior Judge, concurring:

I concur, and write separately merely to emphasize that in my opinion *Slone v. Casey,* 194 S.W.3d 336 (Ky.App.2006), and *City of Devondale v. Stallings,* 795 S.W.2d 954 (Ky.1990), are dispositive on the issue raised by the motion of the ostensible appellee (Ricky Maynard, a dead man) for dismissal of this appeal. As is written in *Slone v. Casey,* 194 S.W.3d at 337:

> As real property passes as a matter of law to the heirs of the estate or beneficiaries under a will, the personal representative of the estate has no interest in or title to the real property. Rather, the heirs or the beneficiaries are considered the real parties in interest to a proceeding involving the real property. [Citation omitted.]

It is clear that when Ricky Maynard died intestate (which is undisputed), whatever interest he owned in the subject real property passed to his heirs, subject of course to the unadjudicated forfeiture lien notice which the Commonwealth had previously

---

**3.** In its appeal, the Commonwealth argues that it became the true owners of Maynard's real property prior to Maynard's death because title was effectively transferred to it on the date that the marijuana was seized at his real property. *See* KRS 218A.410(2). ("Title to all property, including all interests in the property, forfeit under this section vests in the Commonwealth on the commission of the act or omission giving rise to forfeiture under this section together with the proceeds of the

property after the time.") However, when KRS 218A.410(2) is read in conjunction with KRS 218A.450(1) and KRS 218A.460(2), it is clear that the Commonwealth's title to such property is not perfected until a final order of forfeiture is entered by the trial court. *See* KRS 218A.460(2). Prior to this occurrence, the Commonwealth merely holds a lien against the property which is subject to forfeiture. *See* KRS 218A.450.

filed. It is those heirs who are the real parties in interest, and who were entitled to be specified "by name" as appellees in the Commonwealth's Notice of Appeal. CR 73.03(1). "Potential parties to an appeal have the right to know ... that they are parties." *City of Devondale v. Stallings,* 795 S.W.2d at 957.