RENDERED: AUGUST 8, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0998-MR

ANDREW ANTHONY ADAMS                              APPELLANT


                 APPEAL FROM SCOTT CIRCUIT COURT
v.                HONORABLE KATHRYN H. GABHART, JUDGE
                   ACTION NO. 17-CI-00418


LYNN LEE, INC., A KY
CORPORATION; AND ANDREA
RENEE ADAMS, CURATOR FOR
LORENE C. ADAMS                                APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, EASTON, AND L. JONES, JUDGES.

EASTON, JUDGE: Andrew Anthony Adams ("Andrew") appeals from the Scott Circuit Court's order granting summary judgment to the Appellee, Lynn Lee, Inc., ("Lynn Lee"). This summary judgment voided a transfer of real property from Lynn Lee to Andrew. Upon review, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Lynn Lee is a Kentucky corporation formed in 1972. In November 2016, Lorene Adams ("Lorene") was the president of Lynn Lee. She is also Andrew's mother. On November 16, 2016, Lorene executed a deed which conveyed to Andrew approximately 27 acres of property owned by Lynn Lee. This property was used as a golf course, and it contained a barn with the equipment necessary to maintain the golf course as well as a mobile home in which Lorene lived.

The deed stated the transfer was "in consideration of the nominal sum of ONE DOLLAR ($1.00), cash in hand paid by Second Party [Andrew], receipt of which is hereby acknowledged by First Party [Lynn Lee] , and other good and valuable consideration including the desire of Lorene Adams, President, Sole Officer and Sole Shareholder of First Party and as mother of Second Party, to make a gift of the hereinafter described corporate real property . . . ."[1] Andrew recorded this deed two days after it was signed by Lorene.

In February 2017, Lorene's daughter, Andrea Adams ("Andrea"), was named Lorene's curator through a district court order. On May 22, 2017, Lynn Lee filed a complaint in the Scott Circuit Court to cancel the deed to Andrew. The

---

[1] Deed of Conveyance, recorded in Deed Book 382, Page 663, in the Scott County Clerk's Office, Record at Page 8.

two other officers of Lynn Lee, Andrea, and Chris Gooch ("Chris") alleged they had no knowledge of this transfer prior to the deed being recorded, and Lorene did not have authority from the corporation to make this transfer. They further alleged that Lorene was severely intoxicated when she executed the deed and that she did not understand what she was doing.

Andrew filed an Answer and Counterclaim, which asserted that Lynn Lee did not have an operating agreement that required Lorene to have a corporate resolution to transfer property. He also filed an affidavit from the notary public who notarized the deed, who swore that Lorene did not appear to be under the influence at the time of signing.

Lorene passed away on March 18, 2019. Andrea was named the executor of Lorene's estate. Lorene herself was never a party to this case, and Andrea, in her capacity as curator for Lorene, was not substituted with Lorene's estate.

Lynn Lee filed its first Motion for Summary Judgment on March 25, 2019. In this motion, Lynn Lee argued that Lorene needed permission from the other officers to execute the deed, because the deeded property was a corporate asset. By gifting this property to Andrew, Lynn Lee faced a large tax liability. Both Andrea and Chris filed affidavits supporting summary judgment, which stated they were unaware of the property transfer until after the deed was recorded, and,

even if they had known, they would not have approved the transfer. Significantly, there was no documentation of any approval by the board of Lynn Lee by any form of resolution or otherwise.

In his summary judgment response, Andrew claimed he had discussed the transfer with Chris. Andrew alleged that, initially, Chris said the transfer was not possible, but, after receiving legal advice to the contrary, Chris told him to "have the deed prepared."[2] Andrew argued there was a genuine issue of material fact as to whether the board members were aware of the property transfer. He also argued the action must be revived before Lynn Lee could proceed, as Lorene had passed away, and she was a named plaintiff. Andrew filed his own motion to dismiss for failure to name an indispensable party, now Lorene's estate. Both Andrew's motion to dismiss and Lynn Lee's motion for summary judgment were initially denied on May 9, 2019, for a further opportunity for discovery. The parties conducted considerable discovery.

Andrew filed a motion to compel Lynn Lee to produce its bank records, which was granted over Lynn Lee's objection. Ironically, given that it was Andrew who wanted to see these bank records, the bank records revealed that Andrew may have been using company funds for personal expenses. Lynn Lee

---

[2] Defendant, Andrew Anthony Adams' Response to Plaintiffs' Motion for Summary Judgment, Page 69 of Record.

then filed a motion to file an amended complaint in July 2020, to add a claim for these additional corporate losses, which was granted.

In March 2021, Lynn Lee renewed its summary judgment motion and filed a default judgment motion against Andrew on the amended complaint. In April 2021, Andrew filed a response to the motion for summary judgment as well as an Answer to the amended complaint. He also renewed his own motion to dismiss because the case had not been revived after Lorene's death, and Lorene (and now her estate) was an indispensable party. The circuit court heard oral arguments in May 2021.

All motions were taken under submission. The circuit court judge who had been presiding over the case resigned in January 2022, and the current circuit judge was appointed in May 2022. The current circuit judge later became aware of the pending motions and took the case under submission.

In April 2024, the circuit court granted partial summary judgment to Lynn Lee. The circuit court reasoned that pursuant to KRS[3] 271B.8-310, an action is voidable unless approved by the board after all material facts are disclosed. Lorene was the only member of the board of Lynn Lee who clearly was aware of the conveyance before the deed was recorded. The circuit court therefore granted summary judgment on the issue of voiding the deed. The circuit court did not

---

[3] Kentucky Revised Statutes.

make a ruling on the damages requested in the amended complaint. Lynn Lee asked the circuit court to make the partial summary judgment final and appealable. In August 2024, the circuit court entered an order making the partial summary judgment final and appealable and awarding attorney fees to Lynn Lee. The attorney fees award was not argued by Andrew on this appeal.

## STANDARD OF REVIEW

"The standard of review of a trial court's granting of summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. Summary judgment is proper when it appears that it would be impossible for the adverse party to produce evidence at trial warranting a judgment in its favor." *Andrew v. Begley*, 203 S.W.3d 165, 169 (Ky. App. 2006) (internal quotation marks and citations omitted). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Jenkins v. Best*, 250 S.W.3d 680, 688 (Ky. App. 2007).

## ANALYSIS

Andrew argues the circuit court erred in granting summary judgment to Lynn Lee. He first claims the case should have been dismissed because Lorene passed away and the case was not revived within the proper time as prescribed by

KRS 395.278 and CR[4] 25.01. Relatedly, he argues Lorene (and thus her estate after her death) was an indispensable party. He alleges Lynn Lee was required to bring suit against Lorene in order to make the argument that she did not have the authority to transfer the property. He further claims that issues of fact make summary judgment improper.

As an initial matter, Lynn Lee argues Andrew did not preserve his arguments, because he did not make any arguments to the successor circuit judge who inherited this action. Yet Andrew made all the same arguments to the original presiding judge. This is sufficient for preservation. "Kentucky has long adhered to the prevailing view that a successor judge may, upon timely motion or *sua sponte*, complete the uncompleted acts of a predecessor. The court is an entity, not a person, and when one judge is replaced by another, whether the reason be death, disability, election or otherwise, the new judge is empowered to carry on the business of the court to the same extent as his predecessor, had he remained on the bench." *Herring v. Moore*, 561 S.W.2d 95, 98 (Ky. App. 1977) (citations omitted).

Andrew's indispensable-party argument insists that Lorene, and later, her estate, was a necessary party. Arguably, Lorene was technically a party in that her curator participated as a party on her behalf. Regardless, Andrew correctly notes that this case was not revived as to Lorene's estate after Lorene's passing

---

[4] Kentucky Rules of Civil Procedure.

within the statutory timeframe. Andrew thus argues the case should have been dismissed and never decided on the merits.

"An indispensable party is one whose absence prevents the Court from granting complete relief among those already parties . . . [or] one whose interest would be divested by an adverse judgment." *Commonwealth v. Maynard*, 294 S.W.3d 43, 47-48 (Ky. App. 2009). CR 19.02 controls the factors a court should consider when deciding if a party is indispensable. "The factors to be considered by the court include: (a) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (b) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (c) whether a judgment rendered in the person's absence will be adequate; (d) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." The circuit court determined Lorene, individually, was not an indispensable party to this action. We agree because this case is about what a corporation did even if Lorene was the agent who acted for the corporation.

The sole issue in the circuit court's summary judgment order was the voiding of a deed from the corporation Lynn Lee to Andrew. Both these parties cite *Treadway v. Russell*, 299 S.W.2d 245 (Ky. 1957), as authority for their position. In *Treadway*, the Court determined that each grantor and grantee of the

parcel of property during the disputed time period must be included as a party in order to fully adjudicate the matter. In the case at hand, the parties named were Lynn Lee, the owner and grantor of the subject property, and Andrew, the grantee of the property. The circuit court's analysis on Lorene as an indispensable party is correct:

> *Treadway* requires that when voiding a deed, both grantor and grantee must be party to the case as indispensable parties. Lorene was a party to the deed as grantor *in her capacity as President of Lynn-Lee.* The property transferred is referred to as "corporate real property" in the Deed and Lorene Adams was noted as "President, Sole Officer and Sole Shareholder of First Party [Lynn-Lee]." Although Lorene was the signatory on the Deed, the grantor in this matter is still Lynn-Lee. In accordance with *Treadway*, the necessary parties to the deed are Lynn-Lee and Andrew Adams.[5]

Lorene, in her individual capacity, was not an indispensable party to this case. Lynn Lee, the corporation as a separate legal entity, was the indispensable party as the grantor. Because Lorene was not an indispensable party, it was unnecessary to revive the case in order to substitute her estate as a party. While Lorene through her curator was a plaintiff originally in this action, full relief was able to be afforded without her as a party. Lorene was not the sole plaintiff in the underlying action but was named alongside Lynn Lee, the indispensable party as the grantor.

---

[5] Opinion and Order, Page 10, dated April 1, 2024, Page 325 of Record.

Adams further claims that in order to bring an action to void the property transfer, Lynn Lee was required to bring suit against Lorene pursuant to KRS 271B.3-040. This statute reads:

> (1) Except as provided in subsection (2) of this section, the validity of corporate action shall not be challenged on the ground that the corporation lacks or lacked power to act.
>
> (2) A corporation's power to act may be challenged in a proceeding by:
>
> > (a) A shareholder against the corporation to enjoin the act;
> >
> > (b) The corporation, directly, derivatively, or through a receiver, trustee, or other legal representative, against an incumbent or former director, officer, employee, or agent of the corporation; or
> >
> > (c) The Attorney General under KRS 271B.14-300.
> >
> > (d) In a shareholder's proceeding under subsection (2)(a) of this section to enjoin an unauthorized corporate act, the court may enjoin or set aside the act, if equitable and if all affected persons are parties to the proceeding, and may award damages for loss (other than anticipated profits) suffered by the corporation or another party because of enjoining the unauthorized act.

Lynn Lee responds that while it could have initiated an action against Lorene based on her unauthorized transfer, it was not mandatory that it do so. Given her age and condition, they did not wish to take any action against Lorene.

-10-

The only goal of Lynn Lee was to void the transfer of corporate property, which transfer had profound implications for the corporation. As stated by the circuit court in this matter, the language in the statute is the permissive "may," rather than the mandatory "shall." While a suit pursuant to this statute including Lorene as a party would be an acceptable way to challenge the transfer of the property, there is nothing indicating it is the *only* way to do so.

The circuit court determined the deed was voidable, and therefore that Lynn Lee was entitled to summary judgment, under KRS 271B.8-310. Section (1) states:

> A conflict of interest transaction shall be a transaction with the corporation in which a director of the corporation has a direct or indirect interest. A conflict of interest transaction shall not be voidable by the corporation solely because of the director's interest in the transaction if any one (1) of the following is true:
>
> > (a) The material facts of the transaction and the director's interest were disclosed or known to the board of directors or a committee of the board of directors and the board of directors or committee authorized, approved, or ratified the transaction;
> >
> > (b) The material facts of the transaction and the director's interest were disclosed or known to the shareholders entitled to vote and they authorized, approved, or ratified the transaction; or
> >
> > (c) The transaction was fair to the corporation.

Lynn Lee's position was that the members of the board of directors other than Lorene were unaware of the execution of the deed. While there was an allegation that Chris was made aware by Andrew prior to the transfer (although this is disputed by Chris), there was no suggestion that Andrea had knowledge of it prior to the deed being recorded. Nor was there any indication or evidence that Andrea approved it informally much less formally by official corporate action.

Pursuant to KRS 271B.8-310(3), in order to authorize a conflicted action, a majority of non-conflicted shareholders must agree to ratify the action. In this case, that means both Andrea and Chris as officers of the Lynn Lee board would have to approve the property transfer, and it is clear that did not occur here. It is also undisputed that the corporation did not receive any benefit from the transfer. On the contrary, Lynn Lee would be subjected to a large tax liability because of the transfer.

At no point does Andrew argue that this conveyance did not present a conflict of interest on the part of Lorene against the interest of the corporation. Andrew then shifts the argument. He points out Lynn Lee failed to comply with corporate formalities generally. Again, some irony may be appreciated in this comment in that Andrew relies upon informality to justify the transfer to him which was never formally approved by corporate action when he also complains about the informality seen with prior transactions. While there may be a factual

question about former transactions, there is no genuine issue of material fact about the impropriety of the transfer of the property from Lynn Lee to Andrew.

For example, Andrew makes the accusation that Lorene had also deeded corporate property to Andrea in the past. But the records showed that such conveyance was done very differently. In that instance, the property was first deeded to Lorene individually, with Lynn Lee receiving an offset for debt owed to Lorene as consideration for the transfer. Then Lorene, in her individual capacity, deeded the property to Andrea. No such proper steps were taken for the transfer of Lynn Lee land, its primary asset, to Andrew without real consideration contrary to the interests of Lynn Lee, a separate legal person under the law.

Ultimately, a deed is valid "if it contains the fundamental elements necessary to a valid and enforceable deed, which are: (1) a grantor and grantee; (2) delivery and acceptance; (3) a divesting of title by grantor and a vesting of title in the grantee." *Smith v. Vest*, 265 S.W.3d 246, 250 (Ky. App. 2007). But "corporate assets are the property of the corporation, not the shareholders." *Gross v. Adcomm, Inc.*, 478 S.W.3d 396, 400 (Ky. App. 2015). "Only an owner may convey any interest in real property[.]" *Hogg v. Hogg*, 619 S.W.3d 921, 927 (Ky. App. 2020) (internal quotation marks omitted).

A corporation has the power to "do all things necessary or convenient to carry out its business and affairs, including without limitation power to: . . . (e)

Sell, convey, mortgage, pledge, lease, exchange, and otherwise dispose of all or any part of its property." KRS 271B.3-020. But when a corporation's director has a conflict of interest, the action is voidable unless approved by the corporation's board. KRS 271B.8-310. While Lynn Lee could have conveyed the property to Andrew, the board had to either approve the conveyance or it had to be shown that the conveyance was fair to Lynn Lee. *Id.* Lynn Lee had the right to demand the voiding of the deed between Lynn Lee and Andrew in the undisputed circumstances presented in this case. Summary judgment in favor of Lynn Lee was proper.

## CONCLUSION

Because Lorene in her individual capacity was not an indispensable party, the circuit court did not err in refusing to dismiss the case. Because the deed was voidable as a conflicted corporate action, the circuit court properly granted Lynn Lee summary judgment. We AFFIRM the Scott Circuit Court.


ALL CONCUR.


| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| Jeffrey R. Morgan<br>Hazard, Kentucky | Charles M. Perkins<br>Georgetown, Kentucky |